# Tutwiler *et al. v.* McCarty *&* Co.

## Action on Contract.

1. *Set off may be made by statute, a defense to action.*—While strictly speaking set-off is not a defense but in the nature of a cross action, it was competent for the Legislature to denominate it a defense and to prescribe a form for the plea and bring it forward in the Code as "a defense to the action," though it may not, in a given case, go to the whole amount claimed.

2. *Plea; when refusal to permit to be filed, not error.*—Where a plea is demurrable, or where every issue tendered by it is already before the court, the defendant cannot be injured by a refusal to allow it to be filed.

3. *Demurrer; when improperly sustained not error.*—If the Court sustains demurrers to pleas its action without regard to the correctness of the pleas is not reversible error if the defendant on the trial has the full benefit of the matters averred in them.

4. *Superintendent; one attending to mining business properly so denominated.*—One who is attending to the mining business of another may well be said to be that other's superintendent; and if there is evidence not contradicted which shows

[Tutwiler *et al.* v. McCarty & Co.]

this fact the court is authorized to charge the jury that he is such superintendent if the jury believe the evidence.

5. *Principle bound by act of superintendent when; not necessary to show authority to do particular acts.*—If one person is the superintendent of the business of another that other is bound by his acts and declarations done or made within the line and scope of his authority as such superintendent, and in order to show his authority to bind his employers it is not necessary to show that they specially authorized him to do particular acts lying in the scope of his general duties.

6. *Charges that plaintiff cannot recover if he refuse to do acts required by the contract when bad.*—Charges requested by the defendant to an action on a contract that plaintiff cannot recover if he refused to do the things required of him by the contract and disabled himself from doing them, are bad unless they also take account of evidence going to show such breach of the contract by defendant as would authorize the plaintiff to refuse to further carry it out.

7. *Demurrer; what defects in complaint demanded.*—If it is supposed that the complaint does not show that the plaintiffs were the owners of the contract at the time the suit was instituted the defect should be reached by demurrer.

SHARPE, J, dissenting.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This suit was on a contract entered into between J. W. McCarty, of the first part, and E. M. Tutwiler and the Tutwiler Coal, Coke & Iron Co. of the second part. It was transferred to W. D. McCarty & Co., who brought this action alleging the breach of the contract by the defendants who were the parties of the second part. It is not necessary to set out the contract in full. It provides among other things that the party of the first part agreed to deliver from the land belonging to the parties of the second part such sawed lumber either pine or oak as might be required of them at a place designated, etc. The breaches assigned were to the general effect that the defendants refused to permit the plaintiff to cut the timber; and refused to pay the plaintiffs at the contract prices for the timber cut for them; that there was required by the defendants a large amount of timber such as was described in the contract, but the defendant failed to permit the plaintiffs to furnish the same; that the defendants notified plaintiffs that they would not or-

der any more timber from plaintiffs, and this long before that contract had expired. The defendants filed six pleas, the first, second and third of which were in effect the general issue; the fourth was a plea of set off in the form prescribed in the Code; the fifth was a plea of recoupment; and the sixth was a denial that the plaintiffs were owners of the contract sued on, and averred they were not entitled to receive any of the benefits accruing under it, or to sue on it. To the pleas except the fifth the plaintiffs demurred and the demurrer was sustained. The defendant then offered to file other pleas marked from 7 to 14 inclusive. The court refused to allow these additional pleas to be filed, except the ninth and tenth, which were in effect the general issue. Issue was joined on the fith, ninth and tenth pleas. The court construed the word "required" in the written contract to mean "Needed for use" and that the contract must be read as if in so many words the defendant had agreed to take and pay for from the plaintiffs exclusively the lumber mentioned in the contract that might be "needed for use" at the places specified in the contract during the period of time covered by the contract. When the contract was offered in evidence defendants objected because the ownership and interest of plaintiffs in it had not been shown. The court gave two charges 11 and 12 asked for by the plaintiff. The first that if Eli Tutwiler was the superintendent of the business of the defendants they were bound by his act done in the line and scope of his authority; and the other that in order to show the authority of Eli Tutwiler to bind the defendant it was not necessary to show that they specially authorized him to do those particular acts which lay within the line and scope of his authority. The defendants asked charges 4, 6 and 7. The fourth that if plaintiffs shut down their saw mill and refused and failed to deliver lumber promptly after they were ordered by defendants so to do then the plaintiffs cannot recover in this action for any profits they might have made thereafter by compliance with the contract; the sixth, that if the defendants gave orders to the plaintiffs for timber such as the contract called for and the plaintiffs for any reason failed to get and deliver the timber promptly, then the defend-

ants were authorized to get such timber from others and charge the cost to the plaintiffs; and the seventh that if the plaintiffs gave orders to the defendants for timber such as was specified in the contract and that the plaintiffs failed and refused to deliver such lumber promptly this failure was a breach of the contract which as long as it continued authorized the defendants to withhold further orders from the plaintiffs and to get the amount of lumber required by defendants during such default from others and charge the cost thereof to the plaintiffs.

GARRETT and UNDERWOOD, for appellants.—The court erred in sustaining the demurrer to the plea of set-off. *Cotton v. Warde,* 45 Ala. 359; *Lang v. Waters,* 47 Ala. 634; *Chicering v. Brombery,* 52 Ala. 529; *Herring v. Skaggs,* 73 Ala. 446. (2). There can be no recovery on or for the breach of a contract the consideration of which the promisee has by his own voluntary act destroyed as the plaintiffs did in this case.—*White v. White,* 107 Ala. 418. (3). The following authorities are cited to show that the court erred in refusing the general charges asked by the defendants in the court below.— Bishop on Contracts, Secs. 826, 828; *Murrell v. Whiting,* 32 Ala. 66; *Strauss v. Mertief,* 64 Ala. 307; *Shannon v. Comstock,* 34 Ala. 263.

BOWMAN & HARSH and C. P. BEDDOW, *contra.*—If the defendants had broken the contract as shown by the proof and had declared they would give no more orders under it, the plaintiffs were authorized to "shut down" their saw mill.—*Behamn et als. v. Newton,* 103 Ala. 525.

McCLELLAN, C. J.—The 4th plea filed by the defendants is in the form prescribed by the Code for a plea of set-off. If proved, it is, in a sense, a defense to the action to the extent of the amount set up in it, though strictly speaking set-off is not a defense at all, but in the nature of a cross-action: It does not go in denial of the cause of action set up in the complaint or in bar of recovery upon that cause of action, but asserts only that the defendant has a just claim against the plaintiff which should be accommodated in the judgment to be

[Tutwiler *et al* v. McCarty & Co.]

rendered, and, in effect, paid out of plaintiff's recovery. But while all this is true, it was competent for the legislature to denominate such cross-action a defense, and to prescribe a form for the plea bringing it forward in the Code in which it is called "a defense to the action," though it may not in a given case go to the whole action, or rather to the whole amount claimed.—Code (1886), p. 797, Form 37; *Lang v. Water's Admr.*, 47 Ala. 624. The trial court erred in sustaining the demurrer to this plea.

We deem it unnecessary to pass upon the sufficiency of pleas 1, 2, 3 and 6 which were also held bad on demurrer. The defendants had the full benefit of all the matters averred in these pleas on the trial, and they could not have been injured by the action of the court on the demurrers to them.

The same may be said of the pleas numbered 7, 11, 12 and 13 which the court refused to allow to be filed: The defendants could not possibly have been injured by that action of the court; every issue tendered by the pleas was already before the court.

Pleas 8 and 14 were pleas of set-off. They were open to the same objection which the city court held good against plea 4. Holding plea 4 to be bad the court acted consistently in declining to allow these pleas to be filed, for it is never incumbent on a court to allow the filing of a plea which is demurrable. Here we have held the 4th plea to be good; and hence the court's action in respect of pleas 8 and 14 cannot be rested on the ground that those pleas were bad; but the point is saved for appellants in our ruling on the 4th plea, and we need not pass on the propriety of the court's action in refusing to allow the 8th and 14th pleas to be filed.

We beg leave to remark that it seems to us that there was no semblance of occasion in this case for more than three pleas, viz: the general issue (Code, § 3295), set-off and recoupment.

Two witnesses testified that Ely Tutwiler was superintendent of one of the defendants, the Tutwiler Coal, Coke & Iron Co. and one testified without objection that Ely said he was attending to the business of the other defendant E. M. Tutwiler. There was no evidence to the contrary. One who is attending to the mining business

[*Ex parte* Bromberg.]

of another may well be said to be that other's superinten-dent. The court on this state of the case committed no error in charging the jury to find that Ely Tutwiler was the superintendent of the defendants if they believed the evidence. Charges 11 and 13 given at plaintiff's instance confessedly state sound propositions of law and in view of the evidence as to Ely's being the superintendent of the defendants they are not abstract.

We concur in the construction put on the written con-tract by the trial court. It is so obviously correct upon a view of the whole writing that we deem it unnecessary to enter upon a discussion of it.

Charges 4, 6 and 7 refused to the defendants are bad in that they take no account of the evidence going to show such breach of the contract by the defendants as would authorize the plaintiffs to refuse to further carry it out; if not also upon other grounds.

If it were supposed that the complaint does not show that the plaintiffs were the owners of the contract at the time suit was instituted, the defect should have been reached by demurrer.

Reversed and remanded.

Sharpe, J. dissenting.