# Moore *v.* The State.

### *Assault and Battery.*

(Decided June 19, 1912. Rehearing denied July 1, 1912. 59 South. 189.)

1. *Appeal and Error; Harmless Error; Evidence.*—If the name of defendant's father was immaterial and the admission of evidence relative thereto erroneous, yet it was harmless.

2. *Assault and Battery; Evidence; Sufficiency.*—The evidence in this case held sufficient to go to the jury on the issue as to whether or not the defendant was the guilty party.

3. *Evidence; Footprints.*—Evidence of footprints near the scene, found shortly after the commission of the crime, and their correspondence with defendant's shoes, was admissible as tending to identify him as the guilty agent.

APPEAL from Perry Circuit Court.

Heard before Hon. B. M. MILLER.

General Moore, Jr., was convicted of assault and battery, and he appeals. Affirmed.

R. B. EVINS, for appellant. The admission of testimony as to the defendant's father was erroneous and clearly injurious, and the defendant should have been acquitted. In fact, the court should have given the affirmative charge.—22 N. W. 895; *Ballou v. The State,* 24 S. E. 452; *Hamilton v. The State,* 41 N. E. 528; Wharton's Crim. Evi., pp. 670-673.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. No brief came to the Reporter.

WALKER, P. J—The court, over the defendant's objection, permitted the state to prove, by the person alleged to have been assaulted, that the defendant, General Moore, Jr., is the son of General Moore, Sr.; but when the witness was then asked if he had had some trouble with the defendant's father on the night before the assault, the court sustained the defendant's objection to the question. The evidence as to the name of the defendant's father may not have been relevant or material; but it is not conceived how the proof of this isolated fact could have been made the basis of any inference unfavorable to the defendant. If there was error in the admission of that evidence, we are satisfied that it involved no injury or prejudice to the defendant; and therefore that ruling does not constitute a ground of reversal.—Code, § 6264.

The evidence as to the defendant's connection with the offense with which he was charged was circumstantial. The assault was committed shortly after 4 o'clock Sunday morning by some one firing a gun from a second-story window of a hotel building, which at the time was not in use, and was undergoing repairs. There was evidence tending to prove that the defendant had been at work in that building during the preceding week and up to Friday before the shooting; that at half past 1 o'clock that Sunday morning, or less than three hours before the shooting occurred, he was seen going in the direction of the hotel; that shortly after the shooting one man's footprints were discovered near a back door of the hotel, which was found open, leading to and from that door, and on the steps to the second story and over some plastering which had been thrown near the rear

wall of the building; that about an hour after this dis-
covery was made the defendant was taken to jail, and,
on an examination being made of his shoes, one of them
was found to have some plaster on it, and that this shoe
exactly fitted in the track found in the plaster. In the
face of such evidence, we do not consider that we would
be at all warranted in affirming that the general affirm-
ative charge requested in behalf of the defendant should
have been given, on the ground that there was an ab-
sence of any evidence tending to prove his guilt.

Evidence as to the character of footprints found near
the scene of the crime shortly after it was committed,
and of their correspondence with the feet of the ac-
cused, or with shoes worn by him, is admissible for the
purpose of identifying him as the guilty agent.—*Young
& Griffin v. State,* 68 Ala. 569; *Gilmore v. State,* 99 Ala.
154, 13 South. 536; *Moss v. State,* 152 Ala. 30, 44 South.
598; *Leonard v. State,* 150 Ala. 89, 43 South. 214; *Mor-
ris v. State,* 124 Ala. 44, 27 South. 336; *State v. Height,*
117 Iowa 650, 91 N. W. 935; 59 L. R. A. 437, 94 Am. St.
Rep. 323, 342, note. The weight to be given to such
evidence is a question for the jury. It is suggested in
the argument of the counsel for the appellant that the
evidence on this subject in the present case was deprived
of all probative effect by the circumstance that the plas-
ter found on the defendant's shoe was dry, while the
evidence showed that the plastering in which the foot-
print was found was wet from rain during the night.
This suggestion is disposed of by the fact that there was
evidence tending to show that at the place where the
footprint in the plastering was found the plastering was
dry. Besides, there was other evidence tending to show
the presence of the defendant near the scene of the
crime shortly before it was committed, and to corrobo-
rate that furnished by the footprints. Certainly it can-

not be said that there was an absence of evidence tending to prove the defendant's guilt of the offense with which he was charged. The question of its sufficiency was one for the jury.

Affirmed.

DE GRAFFENRIED, J., not sitting.