# Johnson *v.* The State.

*Manslaughter.*

(Decided June 5, 1913.   62 South. 995.)

*Homicide; Evidence; Prejudice.*—Where it is not disputed that defendant killed deceased, the admission in evidence of the fact that after the burial, the body of deceased was exhumed, was not prejudicial in such a sense as to require a reversal.   (Section 6264, Code 1907.)

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Will Johnson was convicted of manslaughter and he appeals. Affirmed.

LACY & LACY, for appellant. The admission of irrelevant evidence is erroneous, and will work a reversal, as the courts must presume injury, unless the contrary affirmatively appears.—*Clewis v. Malone,* 131 Ala. 465; *Surginer v. State,* 134 Ala. 120; *Langford v. State,* 130 Ala. 74.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The defendant did not deny killing the deceased, and any error in the admission of irrelevant evidence was harmless.— Sec. 6264, Code 1907.

WALKER, P. J.—In the trial of this case there was no controversy as to the fact that the defendant shot and killed Will Miller. One Murray, a witness for the state, having without objection testified that "Will Miller was buried at or near Drifton in this county," was by the solicitor asked the following question: "Was the body of Will Miller taken from the grave after his death?" The defendant's objection to the question having been overruled, the witness answered: "Yes, sir." The inquiry was not prosecuted further. There was no testimony in reference to the body of the deceased, as it was found upon its disinterment. In this connection nothing more was attempted to be proved than the bare fact that deceased's body was taken from the grave after his death. There is nothing in the record to indicate that this evidence was relevant or material to any issue in the case. It had no tendency to add to or detract from the probative effect of the other evidence, either that which was adverse to

the defendant or that which had a tendency favorable to his contention that he acted in self-defense. This proof was of an immaterial and wholly irrelevant fact. But it seems plain that the fact was one which was not capable of being made the basis of any inference unfavorable to the defendant. His counsel have not in argument suggested how this evidence could possibly have been made use of to his prejudice. And we are satisfied that no injury to him could have resulted from its admission. This being true, the ruling excepted to does not constitute a ground of reversal.—Code, § 6264; *Moore v. State,* 4 Ala. App. 65, 59 South. 189; *Fowler v. State,* 155 Ala. 21, 45 South. 913.

The above-mentioned ruling is the only one in the trial which is presented for review. No error is found in the record.

Affirmed.