ODEN–ELLIOTT LUMBER CO. v. BUTLER COUNTY BANK. (6 Div. 240.)

(Supreme Court of Alabama. March 26, 1925. Rehearing Denied April 30, 1925.)

1. Assignments ⬳121—Suit on assigned account properly maintained in name of assignee as beneficiary owner.

Where seller of lumber procured from bank loan of 75 per cent. of purchase price, and assigned to bank its entire interest in its account against buyer, in view of Code 1923, § 5699, bank could maintain action thereon; it being beneficial owner of claim against buyer.

2. Pledges ⬳53 — Remedies of pledgee as beneficiary owner of pledge stated.

Where seller of lumber assigned account for lumber sold, and pledgee thereof became beneficiary owner of claim against buyer, pledgee,

in view of Code 1923, § 6745, could foreclose by sale of collateral or could proceed in equity; otherwise it owed duty to exercise reasonable diligence to make collateral available for purpose of pledge.

3. Pledges ⬳57—In equity owner of pledge must be joined in suit by pledgee.

In view of Code 1923, § 5701, in suit to foreclose by sale collateral by pledgee pledgor must be joined.

4. Pledges ⬳58(1)—Charge that pledgee must have secured title to invoices by collateral sale or further conveyance by pledgor properly refused.

Where bank advanced 75 per cent. of agreed price of lumber, and was assigned by seller its account against buyer, in bank's action against buyer for contract price it was proper to refuse charge that in order for bank to recover jury must be satisfied that it had matured demand notes of seller and secured title to invoices attached thereto by collateral sale or by further conveyance of same by seller.

5. Trial ⬳85—Exhibit admissible to show assignment of account properly admitted over objection addressed to it as a whole.

In action by assignee of invoices for lumber against buyer, where exhibit showing assignment of account to plaintiff was admissible for that purpose, there was no error in sustaining objection to its admission, which was addressed to paper as a whole.

6. Evidence ⬳99, 471(2)—Sustaining objection to question to witness on matter foreign to issue and calling for conclusion held without error.

In action by bank as assignee of lumber invoices against buyer of lumber, there was no error in sustaining objection to defendant's question to plaintiff's witness which was foreign to litigated issue and called for witness' conclusion.

7. Sales ⬳181(5) — Sustaining objection to question calling for incompetent and immaterial testimony held without error.

In action by assignee of invoices for lumber which was rejected by buyer's customer on ground that it was not of contract grade, there was no error in sustaining plaintiff's objection to defendant's question to witness as to whether he had made offer for inspection of lumber after delivery; answer thereto being immaterial as having no tendency to prove grade or character of lumber.

8. Witnesses ⬳414(2)—Testimony of witness not corroborated by showing former statements to same effect.

Where plaintiff's witnesses had testified to different statement of facts than that testified to by defendant's witness, it was not competent to corroborate or sustain latter's statement as a witness by showing his former statements to the same effect.

9. Appeal and error ⬳1068(5)—Charge on buyer's right to recover in certain event properly refused.

In action by assignee of lumber invoices against buyer, where buyer's assignee rejected

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lumber as not being of contract grade, charge that, if lumber was not of grade specified and that it was rejected rightfully, then defendant was entitled to set off actual freight paid, and also profit it would have made had lumber been up to grade, was properly rejected; jury having found that lumber was up to contract grade.

**10. Pleading ⊚⟞139—Set-off and recoupment must be pleaded.**

Set-off and recoupment are in the nature of cross-actions, and must be pleaded.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Suit on account by the Butler County Bank against the Oden-Elliott Lumber Company, a partnership. Judgment for plaintiff, and defendant appeals. Affirmed.

Charges 8 and 14, refused to defendant, are as follows:

"(8) The court charges you, gentlemen of the jury, that, if you are reasonably satisfied from the evidence that the car of pine lumber shipped to Lewisburg, Tenn., was not of the grade specified in the order given by the defendant to the Alexander Company, and that said lumber was rejected rightfully because of being under grade by Sanders Bros. Company, then the defendant was entitled to set-off against the demand of the plaintiff the actual freight paid by defendant on said lumber and also the profit you had made in the sale of said lumber had the same been up to grade."

"(14) The court charges you, gentlemen of the jury, that in order for the plaintiff to recover in this cause you must be reasonably satisfied from the evidence that the plaintiff had matured the demand notes of Alexander Company and had secured title to the two invoices attached to said notes by a collateral sale or by a further conveyance of the same by the Alexander Company."

Vassar L. Allen, of Birmingham, for appellant.

The holder of collateral does not acquire title thereto without some affirmative action to extinguish the title of the depositor. Code 1907, §§ 3303, 3304; Code 1923, §§ 6745, 6746. Action upon the account should have been prosecuted in the name of the party in interest. Code 1907, § 2489; Code 1923, § 5699; Carville v. Reynolds, 9 Ala. 969; Findley v. Wyser, 1 Stew. 23; Bohannon v. Thomas, 159 Ala. 410, 49 So. 308; Pleasants v. Erskine, 82 Ala. 386, 2 So. 122; Lovins v. Humphries, 67 Ala. 437; Sanders v. Blain, 6 J. J. Marsh. (Ky.) 447, 22 Am. Dec. 86.

Clarence Mullins and Harrison & Judge, all of Birmingham, and Powell & Hamilton, of Greenville, for appellee.

The pledgee of collateral is the proper person to sue thereon as an assignee of the entire interest. Bank of Piedmont v. Smith, 119 Ala. 57, 24 So. 589; 31 Cyc. 829; 5 C. J. 995; Coats v. Mutual Alliance, 174 Ala. 565,

56 So. 915; Rudisill Co. v. Eastham Co., 210 Ala. 145, 97 So. 219; Ala. Co. v. Knox, 115 Ala. 567, 21 So. 495. The pledgee, realizing on collaterals, must account to the pledgor for any excess. Owings L. Co. v. Marlowe, 200 Ala. 568, 76 So. 926, L. R. A. 1918E, 155.

SAYRE, J. Plaintiff, Butler County Bank, recovered judgment against defendant partnership for the full price of two carloads of lumber. Defendant's liability for one carload was admitted, and the controversy between the parties related to the other. This lumber was manufactured by the Alexander Company and by it sold to defendant. The Alexander Company procured from plaintiff bank a loan of 75 per cent. of the agreed price of the carload in controversy, and assigned to the bank its account against defendant; said assignment being evidenced by a notation thereof on the invoice showing the terms of the contract and shipment of the lumber, which, on defendant's direction, was shipped to Sanders Bros. & Co., at Lewisburg, Tenn. The consignees rejected the shipment on the ground that the lumber was not of the contract grade, and the meritorious issue between the parties was whether or not the lumber was of the grade and character stipulated between the manufacturer and the purchaser.

The assignments of error are based upon rulings which relate to questions of procedure.

[1] In the leading place it is insisted that plaintiff bank had no right to maintain this action for the reason that as matter of fact the transaction between it and the Alexander Company was constituted of an advance or loan by the bank of 75 per cent. of the price to be paid for the lumber, thus leaving an interest in the assignor—that in fact the bank held the contract as collateral for the security of its loan to the Alexander Company—and hence defendant infers and asserts that the action should have been brought in the name of the assignee bank for the use of itself and its assignor. Further, it is insisted that the bank had no right to sue until it had foreclosed the pledge by a sale and, as we presume, had purchased the same.

[2-4] The assignment was not limited, purported to be an assignment of the entire interest in the contract, was in fact an assignment of the entire interest for the security of assignee's debt, and the suit was properly brought in the name of the assignee. Section 5699, Code 1923; 5 C. J. 995, § 201. The pledgor retained an interest, an equity, but plaintiff pledgee was vested with the title, and was, sub modo, the beneficial owner of the claim against defendant, and, we do not doubt, was the sole proper party plaintiff. The pledgee in such case may foreclose by sale of the collateral—observing the statute,

---

⊚⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

section 6745 of the Code of 1923, of course—or may proceed in equity; otherwise it is his duty to exercise reasonable diligence, by suit or otherwise, to make the collateral available for the purpose for which it was pledged (22 Am. & Eng. Encyc. [2d Ed.] p. 899), and in any event the pledgor is entitled to have the avails applied to the payment of the debt secured, the pledgee being accountable to him for any surplus. But nothing of this affords any reason why the pledgee should not bring suit or why the pledgor should be joined in an action at law on the collateral—rather the contrary; nor have we seen any authority in support of either of appellant's contentions. In equity, the rule is different as to parties. Section 5701, Code of 1923. The general affirmative charges requested by defendant as to each count and upon the case as a whole, based upon the contentions noted, were properly refused. For like reasons charge 14 was properly refused to defendant.

[5] Defendant objected to the introduction of exhibit 2 shown on page 21 of the transcript. It may be that the statistical part of this exhibit—by which we mean the various figures and notations showing the amount, condition, and shipment of the carload of lumber in dispute—was not admissible as going to show what lumber was shipped because the witness who made the paper had not knowledge of the correctness of the items thereby shown, nor was it shown that the several items were correctly noted by the witness Jones, who had made the original of which the exhibit offered in evidence was a copy; but this exhibit showed the assignment of the account to plaintiff, and was admissible for that purpose at least; but the objection was addressed to the paper as a whole. There was hence no error in the ruling which admitted the paper in evidence.

[6] There was no error in sustaining plaintiff's objection to defendant's question to the witness Black, who was president of plaintiff bank at the time of the transaction in question:

"You knew, as president of the bank, that whenever Oden-Elliott Company advanced any money on that hardwood lumber that the lumber was Oden-Elliott's to the extent of 75 or 80 per cent., did you not?"

This question seems to be foreign to any litigated issue in the case, and besides, in effect, called for the witness' conclusion as to whether the information he had was binding on the bank as being the information of its officer acquired while engaged in or about the business of the bank. The constituent facts should have been inquired about, if the inquiry was relevant, viz. when, how, and by what means the information was received.

[7, 8] The court correctly sustained plaintiff's objection to defendant's questions to the witness Sanders as to whether he (a member of Sanders Bros. & Co.) made an offer for an official inspection of the lumber after its delivery at Lewisburg and after the disagreement as to its quality or grade had arisen. Assuming that the witness would have answered these questions in the affirmative, and that such answers would have had some effect with the jury as going to show good faith on the part of Sanders Bros. & Co. in rejecting the lumber, they called nevertheless for incompetent and immaterial evidence—immaterial because it had no tendency to prove the class or character of the lumber, that being the only question at issue; incompetent because it was equivalent to an unsworn declaration on the part of the witness as to the character of the lumber. The effort is to show error in this ruling on the ground that plaintiff had sought to discredit the witness. Plaintiff's witnesses had testified to a different state of facts; but not otherwise had there been an effort to discredit or impeach the witness. In those circumstances it was not competent to corroborate or sustain his statement on the witness stand by showing his former statements to the same effect. Jones on Ev. §§ 869, 870.

[9, 10] Charge 8 requested by defendant, was refused without error. This charge went to the measure of plaintiff's recovery in a certain event, viz. that the jury were reasonably satisfied that the carload of pine lumber was not of the grade specified in the contract between defendant and the Alexander Company. The jury evidently found that the lumber was up to the contract grade. There was then no office for the charge. Another objection to the charge is that it predicates set-off and recoupment on stated facts, whereas there were no pleas of set-off or recoupment, which are in the nature of cross-actions and must be pleaded. Carolina-Portland Cement Co. v. Alabama Construction Co., 162 Ala. 384, 50 So. 332; Tutwiler v. McCarty, 121 Ala. 356, 25 So. 828.

What has been said with reference to the general charges requested by defendant will sufficiently disclose the grounds of our opinion that there was no error in sustaining plaintiff's demurrer to appellant's special plea.

We have not found reversible error; the judgment must be affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.