(108 So. 631)
**BOLTON v. STATE. (7 Div. 184.)**

(Court of Appeals of Alabama. May 11, 1926.)

**I. Intoxicating liquors ⬅⬆226.**

Rules of law governing admission of testimony in other criminal cases *held* applicable to liquor cases.

**2. Criminal law ⬅⬆562.**

Defendants should not be convicted on evidence which does not connect them with crime charged.

**3. Criminal law ⬅⬆1159(2).**

Where there is legal evidence from which jury can by fair inference find defendant guilty, Court of Appeals has no right to disturb verdict.

**4. Criminal law ⬅⬆734.**

Whether there is legal evidence from which jury can by fair inference find defendant guilty *held* question of law.

**5. Criminal law ⬅⬆741(1).**

Weight and probative force of evidence is for jury.

**6. Criminal law ⬅⬆730(7)—Solicitor's remark that person with defendant resisted officer when he attempted to search their car, if error, held not reversible in view of evidence and court's ruling.**

Solicitor's remark that person with defendant resisted officer when he attempted to search their car for intoxicating liquor, if error, *held* not reversible, in view of evidence, and where, in ruling on objection, court stated to jury what evidence was.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Marvin Bolton was convicted of having in his possession prohibited liquors, and he appeals. Affirmed.

Hugh Reed, of Center, for appellant.

Counsel argues that the evidence was not sufficient to support the verdict, and cites Frederick v. State, 20 Ala. App. 336, 102 So. 146; Guilford v. State, 20 Ala. App. 625, 104 So. 678; Johnson v. State, 20 Ala. App. 598, 104 So. 352; Bush v. State, 20 Ala. App. 486, 103 So. 91.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

There was sufficient evidence to be submitted to the jury, and the affirmative charge was correctly refused. Russell v. State, 20 Ala. App. 68, 101 So. 71; Traylor v. State, 20 Ala. App. 262, 101 So. 532. There was no prejudicial error in the ruling on the argu-

ment of the solicitor. Price v. State, 20 Ala. App. 201, 101 So. 300; Elliott v. State, 19 Ala. App. 263, 97 So. 115.

SAMFORD, J. [1-5] We have several times said, and we repeat it here, that the same rules of law governing the admission of other testimony in other criminal cases are alike applicable to cases involving violations of the prohibition statutes. Defendants should not be convicted upon evidence which does not connect them with the crime charged, and wherever this is done this court does not hesitate to so hold. But where there is legal evidence from which the jury can by fair inference find the defendant guilty, this court has no right to disturb the verdict. Whether there is such evidence is a question of law; its weight and probative force is for the jury.

We have examined the evidence in this case and find every element of proof necessary to support the verdict.

[6] The remarks of the solicitor are as follows: "Ed Morgan was up there resisting the officers on the public highway." The testimony upon which this statement was based was: "When I first stopped the defendant, I started to get on his car, and they pushed me back off it and refused to let me search the car and went off." In ruling on the objection, the court stated to the jury what the evidence was. As presented by the record, we cannot see that the remark, even if error, is sufficient upon which to predicate a reversal.

The various rulings of the court upon the admission of testimony were without error.

Let the judgment be affirmed.

Affirmed.