247 So.2d 383

**Hugh W. McCAIN, alias**

v.

**STATE.**

**6 Div. 26.**

Court of Criminal Appeals of Alabama.

April 20, 1971.

Tarter & Wininger, Birmingham, for appellant.

---

MacDonald Gallion, Atty. Gen., and Joseph Victor Price, Jr., Asst. Atty. Gen., for the State.

PER CURIAM.

This appeal is from a conviction of burglary in the Circuit Court of Jefferson County.

The testimony for the State tends to show that Officer Tommy E. Rouse of the Birmingham Police Department was on duty and cruising in a police car on Clairmont Avenue in Birmingham at about 3:10 A.M. on May 10, 1967, when he noticed a lock missing from the front door of a Hill's Grocery Store, owned and operated by Winn-Dixie Montgomery, Inc. He continued for a short distance, then turned around and cut off his lights. As he approached the store front he saw two men come out and walk rapidly away. As he came closer he recognized them as the appellant and one Frank L. McKinsey, at about which time they ran and escaped in a side street or alley. The appellant was wearing a yellow windbreaker and dark trousers and had dark hair. The officer alerted other police cars, which converged on the area. The appellant and McKinsey were both found close by and arrested. A Dodge Charger was found nearby and Officer Rouse looked into the car and saw a set of hand trucks, or dollies, and a name plate bearing the initials, "F.L.M.". The car was dusted that night for fingerprints and the prints of Frank McKinsey were found.

The manager of the store testified that two locks on the front door were broken or off, that the door was open when he was called to the scene that night, and that the door had been closed and locked earlier in the night when he left the store. Some articles were disarranged and a safe moved. Officer Price, who responded to the police radio call, arrested appellant. Several other police officers responded to the call and aided in the investigation made of the store and the car.

Appellant did not testify and offered no witnesses.

Appellant's attorney, on cross-examination of Police Officer Rouse, outside the presence of the jury, offered to ask the witness to stand and turn his back away from the jury so that he could ask him certain questions; such as, the number of men and women on the jury, how certain people in the courtroom were dressed, their approximate height, weight, color of hair, complexion, and various other things visible in order to test his powers of observation and recollection. The court sustained objection by the State and the appellant reserved an exception.

■ It is familiar law that the right of cross-examination, thorough and sifting, belongs to every party as to witnesses called to testify against him. Tit. 7, § 443, Code of Alabama, 1940, as amended 1958. Noble v. State, 253 Ala. 519, 45 So.2d 857.

But it is also well settled that the scope and extent of cross-examination rests in the sound discretion of the trial court and such discretion will not be revised on appeal unless grossly abused. Vandiver v. State, 37 Ala.App. 526, 73 So.2d 566, cert. denied 261 Ala. 700, 73 So.2d 572; and many cases cited in Alabama Digest, Criminal Law, ☞1152(4).

■ The same rule governs as to experiments in court. Shows v. Brunson, 229 Ala. 682, 159 So. 248.

■ The experiment sought in this case to test the powers of observation and recollection of the witness under circumstances very different from those testified about might well have confused the jury by the collateral matter introduced in the courtroom.

We have carefully considered the court's ruling and find no abuse of discretion.

Appellant complains that the court abused its discretion in admitting evidence over his objection relating to the Dodge Charger automobile found parked in the vicinity of the grocery store in question.

According to the State's testimony, Mr. Tommy E. Rouse, a police officer, saw appellant and McKinsey come out of the store which was broken into, saw them walk fast, and later run as the police car approached. Further testimony of the State revealed that the fingerprints of Frank McKinsey were found on the Dodge Charger parked nearby and that the name plate and the hand trucks were in the car at that time.

■ While this matter is addressed to the sound discretion of the court, it also involves the question of the relevancy of the testimony. The test of probative value or relevance of a fact is whether it has any tendency to throw light upon the matter in issue, even though such light may be weak and falls short of demonstration. Nelms v. Steiner, 113 Ala. 562, 22 So. 435. Also see collection of cases on page 16, Vol. 1, McElroy, Law of Evidence in Alabama (Test of Probative Value).

■ We cannot say that the testimony relating to the automobile did not tend to shed some light on the issues in this case. Therefore, the court did not abuse its discretion in admitting such evidence.

■ If there was any error in the argument of the district attorney that defendant was known to the officer, it was cured by the prompt instruction of the court to not draw any inference therefrom except as it related to the identification made by the officer when he was driving along and saw appellant.

■ Further objection was made by appellant to the argument of the district attorney that "where they were going—that is the two individuals—was around there to the Dodge Charger to pick up the two dollies." In view of what we have said as to the admission of testimony with regard to the fingerprints on the Dodge Charger, the action of the court in overruling this objection was not in error.

In addition to the matters dealt with in this opinion, we have searched the record for error and find none injuriously affecting the substantial rights of the appellant.

The judgment in this cause is due to be and the same is hereby affirmed.

The foregoing opinion was prepared by W. J. Haralson, Supernumerary Circuit Judge, and adopted by the Court as its opinion.

Affirmed.