297 So.2d 813

**Roy Lee HAWKINS**

v.

**STATE.**

**8 Div. 520.**

Court of Criminal Appeals of Alabama.

June 4, 1974.

Rehearing Denied June 25, 1974.

Winston V. Legge, Jr., Athens, for appellant.

William J. Baxley, Atty. Gen., J. Knox Argo, Sp. Asst. Atty. Gen., Montgomery, for the State.

HARRIS, Judge.

Appellant was convicted of robbery and sentenced to ten (10) years imprisonment in the penitentiary. With counsel present at arraignment, he pleaded not guilty. After conviction he sought and obtained a free transcript of the evidence and trial counsel was appointed to represent him on appeal.

The victim was a seventy-three (73) year-old man whose eye sight was impaired to the point that he was forced to wear eye glasses. He claimed he only needed glasses when reading and had no difficulty seeing at a distance.

According to the victim, the robbery occurred during the daylight hours in the late afternoon of May 30, 1973. He heard someone knocking or kicking on his front door saying, "Open up your door", and "Give me that money." He told the man he was not going to open the door until he knew who was there. The victim further testified that he recognized the voice of the person at his door and he chastised him for wanting to break into the house and rob a seventy-three year-old man. He said the man at the door was appellant and he made an in-court identification.

He said the man kept kicking on the door and broke a place in the door. He decided to slip out the back door and he got his billfold and a small hatchet as he was leaving. When he got outside he started to throw his billfold in some weeds but heard someone running behind him and he started to run toward a freshly plowed cotton field nearby and he was hit in the left side with a big rock thrown by appellant. The blow knocked him down but he got up immediately. The appellant started hitting him with a two-by-six (2 x 6) plank that had been in the victim's wood pile. He said he was struck on his arms and in the temple. The blow to the temple dazed him and he was unable to keep appellant from taking his billfold. After taking the billfold, appellant ran from the scene and across the newly plowed ground. He told the officers that the man who robbed him was wearing dark clothes and boots.

Appellant was arrested later that night for driving while under the influence of intoxicating liquors and committed to jail. At the time of his arrest, the officers did not know about the alleged robbery. The sheriff and other officers were searching for appellant on the robbery complaint when they learned he was in jail.

The victim was somewhat hazy about a lot of details as to his acquaintance with appellant during the years and as to the frequency that they came in contact with each other. However, he withstood a vigorous cross-examination as to his identity of the accused both by sight and by voice.

The Sheriff of Limestone County took active charge of the robbery investigation and visited the scene the next day. The victim pointed out to him the place where he was hit with the rock and where he was knocked out by the two-by-six plank. The sheriff took photographs of the scene as well as the door showing that it was kicked three times with a shoe or boot and the door had mud on it. The photographs were received in evidence without objections. The rock was also admitted in evidence without an objection.

The sheriff interviewed appellant in the jail around 11:00 A.M. on the day after the alleged robbery. He gave him the *Miranda* rights and warnings and he signed a waiver of counsel form and gave and executed a written statement. The waiver of counsel form was admitted in evidence. The signed statement was not introduced in evidence but it is clear from the record that appellant did not confess the crime or make an admission against his interest.

When the sheriff visited the scene he observed footprints going in a northerly direction from the place where the victim said he was knocked down, and he returned to the jail and got the boots that appellant was wearing at the time of his arrest. He placed the boots in the shoe prints and testified that the boots fit the shoe prints without any pressure being applied on the boots. The boots were admitted in evidence without objection. Moore v. State, 4 Ala.App. 65, 59 So. 189; Green v. State, 42 Ala.App. 439, 167 So.2d 694,

certiorari denied, 277 Ala. 698, 167 So.2d 701.

Appellant and his witnesses testified to an alibi. Except in a few isolated instances involving the time element, his alibi, if true, tended to show he could not have been involved. He had a strong alibi.

In Willcutt v. State, 284 Ala. 547, 226 So.2d 328, the Supreme Court said:

"The scintilla rule does not apply in criminal cases. There must be substantial evidence tending to prove all the elements of the charge. Ex parte Grimmett, 228 Ala. 1, 152 So. 263. The burden is on the State to prove beyond a reasonable doubt that the crime has been committed and that the defendant was the person who committed it. Jarrell v. State, 251 Ala. 50, 36 So.2d 336. The weight of the evidence, the credibility of the witnesses, and inferences to be drawn from the evidence, where susceptible of more than one rational conclusion, are for the jury alone. Byrd v. State, 213 Ala. 333, 104 So. 830.

"We cannot say in the instant case that there was not enough evidence to allow the jury to draw the inference that the defendant was the person who committed this robbery. The defendant presented a strong case in support of his alibi. The testimony of his witnesses was in direct conflict with the testimony of the State's witness. Yet the State's witness made a positive identification of defendant as the person who robbed and burned him. The State presented substantial evidence and the jury had before it an adequate basis for drawing inferences and conclusions against the defendant. It is for the jury, not the trial court or this court, to find the facts and to determine guilt or innocence. The State presented sufficient evidence upon which the jury could base its verdict."

The state's case was strong enough to submit the issue of guilt to the jury for its determination. Where there is legal evidence from which the jury can by fair inference find the defendant guilty, this court has no right to disturb the verdict. Whether there is such evidence is a question of law, its weight and probative value are for the jury. Bolton v. State, 21 Ala.App. 373, 108 So. 631; Haggler v. State, 49 Ala.App. 259, 270 So.2d 690.

From what we have said the court did not err in overruling appellant's motion to exclude the state's evidence. Nor did the court commit reversible error in refusing the affirmative charge or in denying the motion for a new trial on the ground of the insufficiency of the evidence.

The oral charge, in part, is as follows:

"One of the biggest issues in this case is the issue of identity. Whether or not this defendant is actually the person who committed the alleged offense. If you can solve the question of identity by looking to the evidence in the case, then you will have solved one of the biggest issues, but, of course, the evidence is in direct conflict on that issue and you will have to make the decision on that particular issue as well as all others yourself. In doing that, it is almost impossible for the Court to give you any specific rules that you can go by. You don't necessarily take the side that has the most evidence, nor do you necessarily take the side that has the lesser amount of evidence. In other words, the number of witnesses is not the test in any of these cases, no more than it is the test in the problems of life that you see. You have to make up your mind and determine the best you can whether or not the evidence for the State or the defendant impresses you the most and if it's for the State, whether or not it convinces you beyond a reasonable doubt that the defendant is guilty."

Appellant strenuously insists that in charging the jury, "one of the biggest issues in this case is the issue of identity", the trial court tended to separate the issue

of identity from the issue of alibi and put an undue emphasis on the issue of identity and was thus an improper comment on the evidence.

The trial court gave the following written charges requested by appellant dealing with the defense of an alibi:

"1. The court charges the jury that at no time under the pleadings in the case does the burden of proof shift from the State, notwithstanding the defense of an alibi, to satisfy the jury from the evidence beyond a reasonable doubt that the defendant is guilty; and, if upon all the evidence, the jury have a reasonable doubt of the defendant's guilt, they must acquit him.

"2. The court charges the jury that if you are reasonably satisfied from the evidence in this case that the defendant was at some other place and was not at the home of John Henry Davis, at the time and place testified to by the State's witness, then, under the law, it will be your duty to find the defendant not guilty.

"4. The defendant sets up an alibi in this case, and the burden of proof is not changed when he undertakes to prove it, and, if by reason of the evidence in relation to such alibi, when considered with all of the evidence, the jury entertain a reasonable doubt as to defendant's guilt, he should be acquitted, though you may not be able to find that the alibi has been fully proven.

"5. The court charges the jury that if you are reasonably satisfied from all the evidence in this case that the defendant was not present at the scene of the alleged crime at the time and on the occasion as testified to by the State witness, then it will be your duty under the law, to find the defendant not guilty."

■ We are not impressed that the trial court laid undue emphasis on the identity issue at the expense of the alibi defense, and hold there was no improper comment upon the evidence.

■ Appellant contends the trial court committed reversible error in allowing the district attorney to hold up three fingers and ask the victim if he could tell how many fingers he was exhibiting.

In Shows v. Brunson, 229 Ala. 682, 159 So. 248, we find this expression:

"Experiments or tests of this character in open court are usually in the discretion of the trial judge, guided by a sound judgment as to whether the result will be sufficiently relevant and material to warrant such procedure." citing 22 C.J. p. 790, Section 899.

See also McCain v. State, 46 Ala.App. 627, 247 So.2d 383.

There was no error in the refusal of written charges 14 and 21 which are identical. Charge 14 is as follows:

"14. The court charges the jury that, if the defendant's testimony has not been impeached, then the jury has no right to capriciously reject his testimony."

■ While these charges were held to be correct propositions of law in Ware v. State, 21 Ala.App. 407, 108 So. 645, they are abstract charges when applied to the facts in this case. There was no testimony in this case tending to impeach appellant's character for truth and veracity. The testimony for the state and appellant was in sharp conflict but this fact alone does not constitute an attempt to discredit or impeach a witness. Oden-Elliott Lumber Co. v. Butler County Bank, 213 Ala. 84, 104 So. 3.

■ Requested instructions, which, though they state a correct point of law, are nevertheless abstract, should be refused. Dixon v. State, 39 Ala.App. 575, 105 So.2d 354.

We have carefully examined the record for error injuriously affecting the substantial rights of appellant and have found none.

Affirmed.

All the Judges concur.