Murder; imprisonment for thirty years.
Grady Talley testified that he and Willie James "Green" Wilson were walking down 2nd Avenue in Clanton, Alabama, around 3:30 A.M. on Saturday, December 5, 1981. They saw appellant, who had in his hand a small object with a "brown pearl handle," walking toward them. Appellant said to Wilson, "You're a dirty m_____ f_____," then hit Wilson on the side of the head with the object. Wilson and appellant began to scuffle. Within a "split second," Talley heard a shot and Wilson fell backwards onto the ground.
Appellant asked Talley if he had seen what happened, Talley replied that he had and appellant then walked away. Talley put his hand to Wilson's chest and determined that he was dead, then also left the scene. Although the police questioned Talley several times over the next few days, he did not tell them about the incident until the next Thursday morning.
Clanton Police Officer Johnny Maddox arrived on the scene at 3:53 A.M. He observed the victim's body "laying partially in the street and partially in the yard . . ., with blood coming from the head."
The autopsy revealed that Wilson died from a gunshot wound to the head. The bullet was extracted and determined to be a .38 or .357 caliber. There were small pin-point injuries around the entrance wound, indicating that the gun that caused the injury was within a short range distance *Page 291 
of the victim's head when fired. The victim also had a laceration of the scalp which the forensic pathologist stated could have been caused by a blow from the butt of a gun.
A firearms transaction record was introduced which showed that appellant purchased a .38 Colt Cobra pistol on March 29, 1975.
The appellant took the stand and denied seeing Talley and Wilson on the morning of December 5, 1981. He also denied fighting with or shooting Wilson. According to appellant, the .38 Colt Cobra was stolen from his house and, although he reported the theft to the police, it was never returned.
 I
Appellant contends that the evidence was not sufficient to sustain the verdict and therefore the trial court erred in overruling his motion to exclude, motion for a directed verdict, and motion for new trial. In support of this he argues that Talley's testimony amounted only to circumstantial evidence because Talley could not say for sure whether the appellant had a gun in his hand or whether appellant or the victim initially had the gun.
We note at the outset that "circumstantial evidence by itself is often satisfactory proof of the corpus delicti of a murder, if the totality of the facts presented would allow the jury to `reasonably' infer the crime." Taylor v. State, 405 So.2d 946
(Ala.Cr.App.), writ quashed, 405 So.2d 951 (Ala. 1981). In this case, however, we do not have only circumstantial evidence. Talley gave direct, eyewitness testimony that placed appellant at the scene of the murder having an altercation with the victim. Nevertheless, we will treat this as a conviction based on circumstantial evidence.
In Cumbo v. State, 368 So.2d 871 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979), this court set out the following rules:
 "In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude.
. . . .
 "Whether circumstantial evidence tending to connect the defendant with the crime excludes, to a moral certainty, every other reasonable hypothesis than that of the defendant's guilt is a question for the jury and not the court.
. . . .
 "The true test of the sufficiency of circumstantial evidence to justify a conviction is whether the circumstances as proved produce a moral conviction to the exclusion of every reasonable doubt. It is not necessary for the circumstances to be `such as are absolutely incompatible, upon any reasonable hypothesis, with the innocence of the accused.'" [Citations omitted]
In reviewing the facts of this case, we think the State presented sufficient evidence from which the jury could exclude every reasonable hypothesis or theory except that of appellant's guilt. "It is not the province of this Court to substitute itself for the jury or usurp their function in weighing the evidence." Dolvin v. State, 391 So.2d 666
(Ala.Cr.App. 1979), aff'd, 391 So.2d 677 (Ala. 1980). Therefore, the trial court correctly overruled appellant's motions to exclude, for a directed verdict, and for new trial.
 II
Appellant maintains that the trial court erred in allowing Talley to testify that he obtained a pistol permit after the murder.
During direct examination Talley acknowledged that he did not tell anyone he saw "that night" about the shooting because he was "upset" and "afraid." Defense counsel objected when the district attorney asked Talley why he waited from *Page 292 
Saturday until Thursday to tell the police about the incident. The objection was sustained.
On cross-examination, defense counsel asked Talley whether he had identified appellant as the murderer only after learning a reward had been offered. He also asked Talley if he did not identify appellant only because the police were about to blame him (Talley) for the murder. Talley denied both allegations.
Over appellant's objection, the district attorney introduced the subject of the pistol permit on re-direct examination, stating that it was offered to show that Talley was in fact "scared" after the shooting.
The testimony concerning the pistol permit was allowed only after defense counsel presented possible reasons as to why Talley waited until Thursday to tell the police about the incident. Defense counsel's questions were clearly intended to disclose an ulterior motive or possible bias on the part of the witness, which is an important function of cross-examination.Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347
(1974). However, the questions also opened the door for the State to show that Talley waited until Thursday to tell the police of the incident because he was afraid, see United Statesv. Barrentine, 591 F.2d 1069 (5th Cir.), cert. denied,444 U.S. 990, 100 S.Ct. 521, 62 L.Ed.2d 419 (1979), and the testimony concerning the pistol permit was properly admitted as proof of that fear.
Whenever defense counsel injects an issue into a case during cross-examination, the State may, within the discretion of the trial judge, question the witness as to that matter. McBryar v.State, 368 So.2d 568 (Ala.Cr.App.), cert. denied, 368 So.2d 575
(Ala. 1979); Chatom v. State, 360 So.2d 1068 (Ala.Cr.App.), cert. denied, 360 So.2d 1074 (Ala. 1978), and cases cited therein. We find no abuse of discretion in this case.
 III
Appellant insists that the trial court committed reversible error in admitting testimony concerning his purchase of a gun in 1975 because that evidence was irrelevant and served only to prejudice the jury.
Evidence is relevant if it has "any tendency to throw light upon the matter in issue, even though such light may be weak and falls short of demonstration." McCain v. State, 46 Ala. App. 627, 247 So.2d 383 (1971). Any fact having a logical relation or a causal connection with another fact and which makes that other fact either more or less probable, is relevant to prove it. Waters v. State, 357 So.2d 368 (Ala.Cr.App.), cert. denied,357 So.2d 373 (Ala. 1978).
The victim was killed by a bullet fired from a .38 or .357 caliber gun. Appellant had purchased a .38 caliber pistol and presumably had access to it. That evidence had "a tendency, even though slight, to enlighten the jury as to the culpability of the [appellant]," and was therefore relevant and properly admissible. Waters v. State, supra.
For the reasons stated above, the judgment of conviction by the Chilton Circuit Court is hereby affirmed.
AFFIRMED.
All the Judges concur.