PATTERSON, Judge.
A Mobile County Circuit Court jury found the appellant, Edward Dean Bryan, guilty of first degree sodomy. He was sentenced to ten years’ imprisonment.
The facts as they were revealed by the State’s case in chief showed that on the night of January 3,1983, the victim’s mother invited to her home two men whom she had met earlier that evening at the restaurant-lounge where she worked. Her seven-year-old son was at home when his mother and the visitors arrived. The child left to go bike riding, and when he returned his mother had packed his bag so he could go over to appellant Bryan’s house to spend the night. It was the child’s understanding that he was going so that he could “go hunting and go dirt bike riding and go fishing.” After appellant and the child arrived at the house, the boy put on his pajamas and got into bed to go to sleep. At that time the appellant got into bed with the boy and sodomized him. The child told him to stop, and appellant refused. Eventually Bryan took the child home, telling him on the way not to tell his mother what had happened.
The boy told his mother what Bryan had done, and she took him to the hospital immediately. The physician who examined the victim in the emergency room testified that the area around the child’s anus was “very reddened and irritated.” His testimony indicated that the child’s physical condition was compatible with being sodomized.
One issue is raised on appeal.
Defense witness Glenn Scott Harris was present at the victim’s home on the evening of the crime. During the cross-examination of the witness the following occurred:
“Q. And do you know whether or not Dean [appellant] engages in homosexual acts with other people?
“A. Yes, sir, I do,
“Q. All right. I believe you testified that Gail3 the victim’s mother2 asked you what men can do with other men. And I’m going to ask you that same question.
“MR. MARSAL: Of course, I’m going to object to that, Judge. It’s not necessary.
“THE COURT: Overruled.
“MR. HARGETT:
“Q. What do other homosexual men do with other homosexuals?
“MR. MARSAL: Judge, I object to that. I don’t see the probative need of going into that in this trial or any other trial.
“THE COURT: Overruled.
“MR. MARSAL: We except.
“MR. HARGETT:
“Q. You can answer.
“A. Sexual intercourse and oral sex.
“Q. When you say sexual intercourse, that term ordinarily denotes insertion of a male penis into a female vagina. Well, what do you do with other men?
*767 “A. You insert it in the anal canal.
“Q. All right. In the anal canal or the rectum?
“A. Yes, sir.
“Q. Have you ever done that?
“A. No, sir.
“Q. Do you know whether or not Dean has ever done that?
“A. No, sir.
“Q. Have you ever had that done unto you?
“A. Yes, sir.
“Q. You have?
“A. Yes, sir.
“Q. Do you know whether or not Dean has ever had that done unto him?
“A. No, sir.
“Q. Your answer is you don’t know?
“A. I don’t know.”
Appellant claims that the above quoted testimony was irrelevant and prejudicial and that the trial court committed reversible error by not sustaining his objection to it.
We cannot agree with appellant since we can find no evidence of any prejudice resulting from inclusion of the quoted portion of the transcript in evidence. The determination of the relevancy of a particular line of questioning lies within the sound discretion of the trial court. See Ala. Digest, Criminal Law, Key No. 338(1) and cases cited therein, and C. Gamble, McElroy’s Alabama Evidence, § 136.01 (3d ed. 1977). Evidence is considered relevant if it has “any tendency to throw light upon the matter in issue, even though such light may be weak and falls short of demonstration.” McCain v. State, 46 Ala.App. 627, 247 So.2d 383 (1971). Any fact having a logical relation or a causal connection with another fact and which makes that other fact either more or less probable, is relevant to prove it. Austin v. State, 434 So.2d 289 (Ala.Crim.App.1983).
While the witness did state that appellant was a homosexual, his testimony is ambiguous as to whether he knew if appellant engaged in sodomy with others. However, later testimony elicited directly from the appellant indicated that he had engaged in certain deviate sexual practices in the past. His testimony on cross-examination also revealed evidence concerning certain specific practices among homosexuals. Appellant gave this testimony without objection. Thus, even if the admission of the earlier testimony to which appellant objects was erroneous, we conclude that there is no showing that any of appellant’s “substantial rights” have been in any way injured by the testimony. (See Rule 45, A.R. A.P.) Thus the judgment of the lower court is due to be affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, J., concurs in result only.