TAYLOR, Judge.
The appellant, Eric Lashay Boykin, was indicted for murder and was found guilty of the lesser included offense of manslaughter in violation of § 13A-6-3, Code of Alabama 1975. He was sentenced to 20 years’ imprisonment as a habitual offender pursuant to § 13A-5-9.
Section 13A-6-3, Code of Alabama 1975, provides:
“(a) A person commits the crime of manslaughter if:
“(1) He recklessly causes the death of another person, or
“(2) He causes the death of another person under circumstances that would constitute murder under section 13A-6-2; except, that he causes the death due to a sudden heat of passion caused by provocation recognized by law, and before a reasonable time for the passion to cool and for reason to reassert itself.”
The appellant’s only contention on appeal is that the evidence presented at trial was insufficient to support his conviction for manslaughter. Specifically, he argues that the state’s evidence is circumstantial and that it required the jury to speculate as to his guilt. The appellant preserved this issue by first moving for a judgment of acquittal at the close of the state’s case and then moving for a judgment of acquittal at the close of all of the evidence. See Ross v. State, 581 So.2d 495 (Ala.1991). Both motions were denied.
Most of the evidence against the appellant was direct, not circumstantial. The state’s evidence tended to show that on the afternoon of January 28, 1993, Ernest McCullough was shot in the back with a 12-gauge shotgun that had been loaded with buckshot. The first shot, apparently the fatal one, struck McCullough while he was on the front porch of his residence in Prichard, Alabama.
Joyce Samuels, the victim’s girlfriend, testified that on the night of the shooting she was inside preparing dinner when she heard McCullough scream “Oh my God!” She said that she then heard a gunshot. The victim then stumbled inside the residence and fell to the floor, at which point Ms. Samuels saw that his back was bleeding. She testified that the appellant then entered the residence and fired his shotgun two more times. One shot hit the victim, piercing his wallet and the other shot was fired through the kitchen window.
Henry Junior, Joyce Samuels’ father, was also at the residence on the afternoon of the shooting and testified that he heard a gunshot outside the house, and that it sounded as though the shot had been fired near the front porch. He also testified that Boykin entered the residence and fired twice in the direction of McCullough.
Sergeant Ragland of the Prichard Police Department testified that he found shotgun pellet holes in one of the kitchen windows of McCullough’s residence and plastic wadding from a shotgun shell on the kitchen floor.
Dr. Emily Ward, forensic pathologist, testified that the victim died as a result of multiple buckshot wounds to his back, which penetrated several vital organs.
In reviewing a question concerning the sufficiency of the evidence this court must view the evidence in the light most favorable to the state. Daniels v. State, 581 So.2d 536 (Ala.Cr.App.1990), writ denied, 581 *539 So.2d 541 (Ala.), cert. denied, — U.S.-, 112 S.Ct. 315, 116 L.Ed.2d 257 (1991). Although some of the evidence presented in this case may be circumstantial, circumstantial evidence is not inferior or deficient evidence. Holder v. State, 584 So.2d 872 (Ala.Cr.App.1991). “Circumstantial evidence will support a conviction as stoutly as direct evidence as long as such evidence indicates the appellant’s guilt.” Hughley v. State, 574 So.2d 991, 993 (Ala.Cr.App.1990).
“ ‘ “The true test of the sufficiency of circumstantial evidence to justify a conviction is whether the circumstances as proved produce a moral conviction to the exclusion of every reasonable doubt. It is not necessary for the circumstances to be ‘such as are absolutely incompatible, upon any reasonable hypothesis, with the innocence of the accused.’ ” ’ ”
Coleman v. State, 519 So.2d 965, 969 (Ala.Cr. App.1987), quoting Austin v. State, 434 So.2d 289, 291 (Ala.Cr.App.), cert. denied, 434 So.2d 289 (Ala.1983).
After reviewing the evidence set forth above, we conclude that the state offered overwhelming direct and circumstantial evidence from which the jury could find beyond a reasonable doubt that the appellant was guilty of manslaughter. The trial court did not err in denying the appellant’s motion for a judgment of acquittal.
For the foregoing reason, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.