BROWN, Judge,
dissenting.
Upon careful consideration of the state’s application for rehearing and the accompanying brief, I must respectfully dissent from the denial of the state’s application for rehearing.
In our opinion of July 3, 1997, this court admitted that “the appellant’s association with an organization known for violence and intimidation was at least arguably relevant.” 775 So.2d at 253. However, we concluded that the prejudicial effect of that evidence outweighed its probative value because, we said, it was “untenable to insist that a defendant’s association with the Ku Klux Klan would not irreversibly prejudice him in the eyes of the jury despite a limiting instruction from the court.” 775 So.2d at 254.
In Oddo v. State, 675 So.2d 58, 62 (Ala.Cr.App.1995), a case in which this court reversed the defendant’s conviction on other grounds, this court held that evidence establishing the defendant’s association with a white supremacist group was correctly admitted in his murder trial. As we noted in Oddo:
“ ‘Evidence is relevant if it has “any tendency to throw light upon the matter in issue, even though such light may be weak and falls short of demonstration.”’ McCain v. State, 46 Ala.App. 627, 247 So.2d 383 (1971); Austin v. State, 434 So.2d 289 (Ala.Cr.App.1983). “Any fact which has causal connection or logical relation to another fact, so as to make the other fact either more or less probable, is competent or relevant.” Hurst v. State, 397 So.2d 203 (Ala.Cr.App.), cert. denied, 397 So.2d 208 (Ala.1981); Waters v. State, 357 So.2d 368 (Ala.Cr.App.), cert. denied, 357 So.2d 373 (Ala. 1978).’
“Mitchell v. State, 473 So.2d 591, 594 (Ala.Cr.App.1985). ‘Evidence ... is relevant and admissible “if it has any probative value, however slight, upon a matter in the case.” C Gamble, McElroy’s Alabama Evidence § 21.01(1) (4th ed.1991).’ Leitner v. State, 631 So.2d 273, 278 (Ala.Cr.App.1993).”
675 So.2d at 62.
Similarly, in Jordan v. State, 629 So.2d 738, 741 (Ala.Cr.App.1993), cert. denied, 511 U.S. 1112, 114 S.Ct. 2112, 128 L.Ed.2d 671 (1994), this court held that evidence of an accused’s connection with a gang known for its criminal activity was admissible as proof of motive, and that the probative value of that evidence was not outweighed by its prejudicial impact.
In the present case, a substantial part of the intimidation suffered by the victim and his mother was directly related to the appellant’s involvement with the Ku Klux Klan, including the fact that Klan activities took place in the appellant’s home. This evidence directly pertained to the state of mind of the victim and his mother, and was relevant to explain why there was a lengthy delay between the commission of the crimes and the victim’s reporting of the abuse.
Moreover, the trial court in its limiting instructions made it clear to the jury that evidence of the appellant’s association with the Klan was offered only. to show the state of mind of the victim and the victim’s mother and why they failed to make a contemporaneous report of the offenses.
Accordingly, I would grant the state’s application for rehearing, and I would affirm the appellant’s convictions.