(96 South. 198)

## WILSON v. STATE. (8 Div. 493.)

(Supreme Court of Alabama. May 3, 1923.)

**Criminal law ⬤⇒451(1)—Question asked witness to confession as to whether inducement was offered held not to call for conclusion.**

Question to state's witness to defendant's confession: "Did you threaten him, hold out any inducement to him, offer him any reward, or promise him anything, or did any one else in your presence, in order to get him to talk?" called for a collective statement of fact and not a conclusion, and it was not necessary to call on the witness to state everything that may have been said to defendant prior to the alleged confession.

Appeal from Circuit Court, Limestone County; Robert C. Brickell, Judge.

Tom Wilson was convicted of murder in the first degree, and he appeals. Affirmed.

James G. Rankin, of Athens, for appellant.

A witness cannot state his conclusion about a matter which is the question for determination by the court or jury. Dennis v. State, 16 Ala. App. 115, 75 South. 707; Mitchell v. State, 14 Ala. App. 46, 70, South. 991; McConnell v. State, 13 Ala. App. 79, 69 South. 334; Brandon v. Progress Dis. Co., 167 Ala. 365, 52 South. 640.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SOMERVILLE, J. The defendant was convicted of murder in the first degree, and sentenced to death.

[1] As a predicate for the introduction of confessions alleged to have been made by the defendant at different times to three of the state's witnesses, the solicitor asked each of these witnesses:

"Did you threaten him, hold out any inducement to him, offer him any reward, or promise him anything, or did any one else in your presence, in order to get him to talk?"

The defendant objected to the question, because it called for the conclusion of the witness as to what was the threat, inducement, reward, or promise, and as to what was necessary to induce the defendant to talk. The objection was in each instance overruled, and the witness, after answering the question in the negative, was allowed to recite the in-

criminatory statements made to him by the defendant, amounting practically to a confession of guilt.

Each of the witnesses had testified that the defendant made a statement to him about the killing of the victim, Kirby Cole, and we see no sound objection to the question propounded to each of them for the purpose of showing that the statement in question was voluntarily made. The question called for a collective statement of fact, and was in the usual form.

It is not necessary in such a case to call upon the witness to state everything that may have been said to the defendant prior to his alleged confession, but only to exclude the saying of such things as might, "by the flattery of hope, or the torture of fear," operate as an inducement to making a false or untrustworthy confession. That this may be done by such a question as was here propounded, was expressly ruled in Crain v. State, 166 Ala. 1, 52 South. 34. It is true that, in the question here objected to, there was added the qualifying phrase, "in order to get him to talk," and to that extent the question is different from the question approved in Crain v. State, supra. This, however, added nothing to the meaning and effect of the question, except to refer it more clearly and directly to the alleged confession; and, indeed, inducements could not be offered for any other purpose than to get the accused to talk. The questions referred to were properly allowed, and the predicates thereby established were sufficient.

Counsel for defendant does not suggest any other error in the record, and our review of the proceedings in the court below does not disclose anything prejudicial to the defendant.

Let the judgment be affirmed.

Affirmed.

All the Justices concur.