25 So.2d 139

**HICKS v. STATE.**

2 Div. 215.

Supreme Court of Alabama.

March 7, 1946.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

Arthur W. Stewart, of Marion, for appellant.

PER CURIAM.

Appellant was tried and convicted in the Circuit Court of Hale County, Alabama, for the offense of murder in the first degree and his punishment fixed by the jury at death. Appeal to this court is by virtue of the Automatic Appeal Statute. General Acts of Alabama 1943, p. 217, Code 1940, Tit. 15, § 382(1) et seq.

The evidence disclosed by the record shows that this appellant killed deceased, Fanny Webster, by striking her with an ax, on the date of March 24, 1944. The motive was robbery. The corpus delicti was shown by clear and convincing evidence and defendant confessed the crime while under arrest to the sheriff, in the presence of a third party, not an official.

A nonexpert witness should not be permitted to testify as to his opinion, but should confine his testimony to a statement of the facts. To qualify as an expert witness, it must appear that by study, practice, experience or observation, as to the particular subject matter the witness has acquired a knowledge beyond that of ordinary witnesses. Daniel v. State, 31 Ala.App. 376, 17 So.2d 542.

The nature of a wound or injury, its probable cause and effect can be stated by expert medical witnesses, or witnesses shown to be familiar with such questions; such as, an undertaker, or others showing competency. Whether a witness is shown to possess the requisite qualifications is a preliminary question said to be largely within the discretion of the court. Kitchens v. State, 31 Ala.App. 239, 14 So.2d 739; Underhill, Criminal Evidence, 4th Ed. § 236, pp. 441-443; 20 Amer.Juris., p. 656, §§ 783-786; 32 C.J.S., Evidence, §§ 457-458, p. 95.

The above authorities are controlling on the question of whether or not the registered nurse, Mrs. Robert Clements, under the predicate laid for her testimony and her statement of the facts, possessed the requisite qualifications to give an opinion as to fatality of the wounds upon the body of the deceased. The trial court committed no error in admitting her evidence.

The clothing of the deceased, as well as that of the accused, are usually admissible on trials of a defendant for homicide, if such objects tend to corroborate or disprove, illustrate or elucidate any other evidence, although such evidence may have a tendency to bias and prejudice a jury. Floyd v. State, 245 Ala. 646, 18 So.2d 392, and authorities cited; Teague v. State, 245 Ala. 339, 16 So.2d 877, and authorities cited.

In a prosecution for murder it is not error to allow a state witness to testify as to defendant's admission of ownership of shoes found in defendant's home, and as to their correspondence with the measures of tracks leading from deceased's house, where such evidence had been given and such witness had testified that he had measured defendant's shoes and the tracks, and that they "matched." Blackmon v. State, Ala.Sup., 22 So.2d 29.[1] When the bottom of the shoes corresponded "with that place on the sole on the shoe," such evidence is admissible. The sheriff had theretofore taken the defendant's shoes and was permitted to put them over the tracks made thereby. Clark v. State, 240 Ala. 65, 197 So. 23; Morris v. State, 124 Ala. 44, 27 So. 336; Moore v. State, 4 Ala.App. 65, 59 So. 189.

Facts and circumstances tending prima facie to prove corpus delicti may be aided by admissions or confessions of accused duly admitted as evidence, so as to satisfy the jury beyond a reasonable doubt

[1] 246 Ala. 675.

of the accused's guilt. Rowe v. State, 243 Ala. 618, 11 So.2d 749.

█ It is settled law in this jurisdiction that, it is the duty of the trial court to determine whether the confession of a defendant is voluntary, and only an abuse of that discretion will justify a reversal by the reviewing court. Stone v. State, 208 Ala. 50, 93 So. 706; Fincher v. State, 211 Ala. 388, 100 So. 657; Burns v. State, 226 Ala. 117, 145 So. 436.

█ The exclusion from the jury of a confession rests on its connection with the inducement. If promises or threats do not have the influence to induce the confession, the confession must be referred to other motives within the law. Beckham v. State, 100 Ala. 15, 14 So. 859. In laying a predicate for the admission or confession, a question whether any promises, threats, or inducements were made to defendant, before he made the statements sought to be proved, is not objectionable, as calling for a conclusion. Crain v. State, 166 Ala. 1, 52 So. 31; Graves v. State, 166 Ala. 671, 52 So. 34; Scott v. State, 211 Ala. 270, 100 So. 211; Smith v. S. H. Kress & Co., 210 Ala. 436, 98 So. 378; Wilson v. State, 209 Ala. 366, 96 So. 198.

The objection to the argument of the solicitor was within the evidence or a reasonable inference thereof, and was without error.

We find no error in the record and the judgment of the circuit court is affirmed.

The foregoing opinion was prepared by Mr. Justice THOMAS, now deceased, and upon consideration of the cause is adopted as the opinion of the court. Accordingly the decree of the lower court is affirmed.

Affirmed.

All the Justices concur.