The appellant, Willie B. Davis, was indicted by the Grand Jury of Lee County for robbery in the first degree. He entered a plea of not guilty, and was found guilty of robbery in the first degree as charged in the indictment. He was duly sentenced under Alabama Habitual Felony Statute to the penitentiary of the State of Alabama for a term of his natural life without parole.
The appellant was at all proceedings in the trial court, and is in this Court, represented by the same counsel appointed by the trial court. This appeal was submitted to this Court on briefs.
The appellant contends in his brief that the trial court erred to his prejudice on three grounds: First, in allowing the identification of the appellant by witnesses who were influenced by prior impermissibly suggestive photographic identification procedures; second, by refusing appellant's written, requested jury charges; third, by improperly interpretating the Habitual Felony Offenders Act, Section13A-5-9, Code Of Alabama, 1975, and considering felony convictions prior to January 1, 1980, as a basis for sentencing the appellant.
Three state witnesses made in-court identification of the appellant without objection by appellant to the question until after the question was answered by the witness. The witnesses' answers were responsive to the questions. When an answer to a question propounded by opposing counsel to a witness is responsive to the question, an objection should be made before the witness answers the question, and comes too late when no objection is made before the witness' answer is made. We hold that the trial court did not err in allowing the witnesses to answer the questions propounded to them in the absence of an objection before the question was answered. Embrey v. State,283 Ala. 110, 214 So.2d 567; Price v. State, 41 Ala. App. 239,128 So.2d 109; Radford v. State, Ala.Cr.App. 348 So.2d 880.
We have carefully examined the record, and do not find any written jury charges marked refused by the trial judge in compliance with Code Of Alabama, 1975, Sec. 12-16-13. To become a part of the record so as to be considered by this Court a requested, written jury charge requires an endorsement by the trial judge as having *Page 220 
been given or refused, and his name signed thereto. Therefore, nothing is presented to this Court with reference to the trial court refusing appellant's requested, written jury charges.Code Of Alabama, 1975, Sec. 12-16-13; Berry v. State, 231 Ala. 437,165 So. 97; Strickland v. State, 269 Ala. 573,114 So.2d 407; Stoudemire v. State, Ala.Cr.App. 365 So.2d 376.
When the state rested its case against the appellant, the appellant offered no evidence in his behalf. The jury returned a verdict finding the appellant guilty of robbery in the first degree, which verdict is fully supported by state's evidence. The state's counsel requested the court to postpone the sentencing of appellant to a later date so the state could present evidence under the Habitual Felony Offenders Act, as last amended. At the hearing set up in compliance with the Habitual Felony Offenders Act before the trial judge, and held June 13, 1980, state's evidence tended to prove that the appellant had been convicted of the following felonies: November 24, 1970 burglary, February 16, 1971 burglary, February 16, 1971 burglary, February 16, 1971 burglary, January 10, 1974 grand larceny, January 10, 1974 grand larceny, and January 17, 1975 robbery.
The Habitual Felony Offenders Act, as last amended, became effective on July 30, 1979, Code Of Alabama, 1975, Sec. 13A-5-9
(c)(3). The crime for which the appellant was convicted occurred on the night of February 5, 1980. The indictment was returned in open court on April 22, 1980. The trial of appellant was commenced on May 19, 1980, and the jury verdict was returned on May 20, 1980 finding the appellant guilty of robbery first degree, and appellant was duly adjudged guilty in accordance with the jury verdict. At the hearing set up as provided by the Habitual Felony Offenders Act effective July 30, 1979, on June 13, 1980 the appellant objected to the trial court's considering the seven foregoing felony convictions in determining the length of the sentence to be given the appellant because they all occurred before the Habitual Felony Offenders Act went into effect. This objection was overruled by the trial judge, and he considered the foregoing seven convictions of appellant that occurred before July 30, 1979, and sentenced the appellant for a term of his natural life, without parole. We quote from Code Of Alabama, 1975, Sec.13A-5-9 (c)(3).
 "Sec. 13A-5-9. Habitual felony offenders — Additional Penalties." ____
 "(c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows:" ____
 "(3) On conviction of a Class A felony, he must be punished by imprisonment for life without parole."
Robbery in the first degree is a Class A Felony. Code Of Alabama, 1975, Sec. 13A-8-41 (c).
Before February 5, 1980, and at the time the robbery occurred in this case, the appellant had been previously convicted for seven felonies. The additional penalties provided by the Habitual Felony Offenders Act Of Alabama require the trial judge to consider prior felony convictions of a defendant in determining whether or not he is a habitual offender. The appellant's contention that the trial judge's consideration of appellant's seven felony convictions that occurred before the effective date of the Habitual Felony Offenders Act, July 30, 1979, was an improper interpretation of the act cannot be sustained.
We hold that the trial judge did not err to the prejudice of the appellant when he considered the prior felony convictions. Under the statute he was required to determine whether or not the appellant had been previously convicted of prior felonies, and how many. Smith v. State, Ala.Cr.App. 392 So.2d 1273;Williams v. State, Ala.Cr.App. 393 So.2d 492; Watson v. State, Ala.Cr.App. 392 So.2d 1274; Certiorari Denied, Ala.392 So.2d 1280.
We have searched the record and are of the opinion that reversible error does not *Page 221 
appear. The judgment of the trial court is due to be and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.