On June 5, 1982, Amelia Moore stabbed 72 year old Leroy Sankey with a knife. She was indicted for assault in the first degree in violation of § 13A-6-20, Code of Alabama 1975. The jury found the appellant guilty of the lesser included offense of assault in the second degree and the trial judge set sentence at 15 years' imprisonment in the penitentiary.
 I
The appellant contends the trial judge erred by failing to instruct the jury on assault in the third degree as a lesser included offense. We do not agree.
First of all, § 12-16-13, Code of Alabama 1975 requires the trial judge to mark all written charges as "given" or "refused" and sign them. None of the charges in this case were so marked or endorsed by the trial judge and therefore, this issue is not preserved for our review. Rush v. State, 397 So.2d 195
(Ala.Cr.App.), cert. denied, 397 So.2d 197 (Ala. 1981); Davisv. State, 401 So.2d 218 (Ala.Cr.App.), cert. denied,401 So.2d 221 (Ala. 1981).
Secondly, § 13A-1-9 (b), Code of Alabama 1975, states that the court should not charge on a lesser included offense unless there is a rational basis for giving such a charge. We do not believe a rational basis exists in this case which would support a charge on assault in the third degree, under the evidence.
Assault in the third degree requires only physical injury as opposed to assault in the second degree which requires serious physical injury. Serious physical injury is defined by §13A-1-2 (9), Code of Alabama 1975 as:
 "Physical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss *Page 1322 
or impairment of the function of any bodily organ."
The appellant claims the jury should have been given the charge on assault in the third degree because the question of whether the physical injury sustained by the victim was serious or not was a question to be determined by the jury. See Alvisv. State, 434 So.2d 859 (Ala.Cr.App. 1983).
In the case at bar, the elderly victim was stabbed within one inch of his heart and he required three weeks of hospitalization in intensive care due to this injury. We believe the trial judge was correct in characterizing the victim's wounds as serious and therefore refusing to give a charge on assault in the third degree.
Thus, we find no error on this issue.
 II
The appellant was convicted of assault in the second degree which is a Class C felony. This offense was committed with a deadly weapon. The proper sentence for a Class C felony committed with a deadly weapon is exactly 10 years. Smith v.State, 447 So.2d 1327 (Ala.Crim.App. 1983). Therefore, in light of the fact the appellant was sentenced to 15 years' imprisonment, we must remand this cause for proper sentencing in accordance with Smith v. State, supra.
For the reasons stated above, the judgment of the trial court is affirmed, but the case is remanded for proper sentencing.
AFFIRMED; REMANDED FOR PROPER SENTENCING.
All the Judges concur except SAM TAYLOR, J., who recuses self as he was trial judge.