TYSON, Judge.
Mark Thomas Foster was indicted for the attempted murder of Glenda Trimble in violation of § 13A-4-2, Code of Alabama 1975. He was found “guilty as charged in the indictment” and was sentenced to 20 years in prison. The appellant raises two issues on appeal.
I
Foster first contends that the trial court erred in refusing to charge the jury on assault in the third degree as set out in Ala.Code 1975, §§ 13A-6-22(a)(2) and (3). The record reveals that the appellant shot Trimble in the arm and that another shot grazed her side. The appellant then shot Trimble in the mouth. The bullet broke a tooth and went into her tongue. The bullet exited from her neck and then lodged in her shoulder, where it remains.
Dr. James Harrow, Trimble’s treating physician, testified that she had a lacerated external jugular vein. The vein was tied off during surgery because it was lacerated beyond repair. He testified that if the injury had not been treated in the proper fashion, it would have continued to bleed. She had a blood clot on the right side of her neck and gunshot wounds to her mouth, lip, neck, shoulder, and arm. Trimble has limited extension of the neck when she tries to turn to the left. Emergency exploratory surgery was performed to prevent damage to the complicated structures in the neck area, which include the carotid artery. She was hospitalized for several days.
“[A] jury charge on a lesser included offense is not required when there is no reasonable theory presented by the evidence in the case to support such a charge.” Ex parte Williams, 484 So.2d 503, 505 (Ala.1986). See also Ala.Code 1975 § 13A-1-9(b). “When it is clear to the judicial mind that there was no evidence presented which tends to bring the act committed within the scope of a lesser included offense, then the trial court’s refusal to charge the jury on the lesser offense is proper.” Williams at 505. See also Chavers v. State, 361 So.2d 1106 (Ala.1978). The facts indicate that there was no reasonable theory from the evidence to support a conviction for third degree assault.
Assault in the third degree involves physical injury rather than serious physical injury. Bell v. State, 473 So.2d 622 (Ala.Crim.App.1985); Tate v. State, 462 So.2d 748 (Ala.Crim.App.1984); Moore v. State, 447 So.2d 1321 (Ala.Crim.App.1984). It cannot be disputed that Trimble suffered serious physical injuries. See Tate.
II
Foster next contends that the trial court erred in allowing the registered nurse who treated Trimble in the emergency room to testify as an expert. Specifically, he argues that it was error for the court to allow him to testify that Trimble’s wounds were gunshot wounds and whether certain wounds were entrance or exit wounds. This argument has no merit. The record reflects that the nurse was qualified to testify as an expert on these questions. The witness testified that he was a registered nurse with a bachelor’s degree from Auburn University. He also had paramedic training. He testified that he had worked in emergency rooms for five years and had treated hundreds of gunshot wounds.
“Whether a witness is shown to possess the requisite qualifications to be *62 called an expert is a preliminary question largely within the discretion of the trial court. The criterion for admission of expert testimony is that the witness, by study, practice, experience or observation as to the particular subject, has acquired a knowledge beyond that of an ordinary witness.
“Whether a particular witness is an expert is a matter largely within the discretion of the trial court, and this court will not disturb that judgment unless there has been an abuse of that discretion.”
Pinkerton v. State, 417 So.2d 606, 607 (Ala.Crim.App.1982) (citations omitted). See also Charles v. State, 424 So.2d 715 (Ala.Crim.App.1982); Gullatt v. State, 409 So.2d 466 (Ala.Crim.App.1981). “[I]f a witness’ knowledge extends beyond or supersedes that of an ordinary witness, as determined by the trial judge, the witness can become an expert.” Smoot v. State, 381 So.2d 668, 671 (Ala.Crim.App.1980).
We see no abuse of the trial court’s discretion. See, e.g., Hicks v. State, 247 Ala. 439, 25 So.2d 139 (1946); Lawson v. State, 455 So.2d 99 (Ala.Crim.App.1984).
For the reasons stated above, this case is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur.