ROBERTSON, Presiding Judge.
On August 22, 1988, S.B. and P.B. were divorced. Pursuant to their divorce decree, custody of the parties’ minor son was awarded to S.B., the mother.
On May 17, 1990, the mother filed a petition to modify the child support owed by the father. The father answered the mother’s petition and also counterclaimed, requesting that custody of the parties’ minor son be awarded to him. Further, the father requested child support. The mother answered the father’s counterclaim and alleged that the father had sexually abused the parties’ minor son.
A proceeding was held in which evidence was presented ore tenus, and the trial court awarded custody of the child to the father. In making the change of custody, the trial court found that the mother was not a fit person to have custody of the child; that the father was a fit person to have custody; that no sexual abuse by the father of the minor child had occurred; and that the positive good effectuated by a change of custody would far outweigh and offset any disruption in the child’s life.
The mother appeals from that portion of the court’s order changing custody from her to the father. She also asserts that the trial court erred in not increasing the father’s child support obligation. The father cross-appeals from that portion of the order in which the trial court ordered the mother to pay child support in an amount lower than that contemplated by the child support guidelines found in Rule 32, Ala. Rules of Jud.Adm.
The mother, in this case, testified that she became concerned that her son had been sexually abused when she noticed redness around his anus following his return from a visit with his father. She became aware of the redness while giving the child his bath. She further testified that the minor son told her that his paternal grandfather and father had “stuck their fingers *258 up his butt. The mother testified that she then took her son to the hospital emergency room so that he could be seen by a physician.
The emergency room physician testified that the child’s injury could not have come from normal child’s play and that the redness was consistent with sexual abuse. He also testified that the child did not react in the way that most children react to a rectal exam. The doctor testified that he talked to the child about the alleged sexual abuse, that the child told him in graphic detail how it was done, that it was uncomfortable, and that it hurt all the way up. The doctor also testified that he stressed to the child the necessity of telling the truth and that the child, in his opinion, had a good understanding of the difference between pretend and the truth.
A psychologist testified that, in her opinion, the child had been abused. She also testified that the child’s refusal to go to the bathroom was not an uncommon response in a child who had been sexually abused. In this case, the minor child had a problem with going to the bathroom and often simply refused to do so.
The father and grandfather both denied the allegations of sexual abuse. They asserted that the mother’s relationship with a man of another race was disruptive for the child. Although the mother testified that she slept with C., her boyfriend, she also testified that she had never done so while the minor child was at home. Further, expert testimony was that the minor child had a good relationship with the boyfriend. While evidence of indiscreet behavior is a factor to consider in custody cases, custody will not be altered where the party seeking the modification fails to show a substantial detrimental effect on the child’s welfare as a result of the indiscreet conduct. Jones v. Haraway, 537 So.2d 946 (Ala.Civ.App.1988).
Further, the burden of a noncustodial parent who seeks a change of custody is a heavy one. The noncustodial parent must show his or her fitness to have custody and, further, that a custody change will materially promote the child’s best interests. Ex parte McLendon, 455 So.2d 863 (Ala.1984). Further, the degree to which the child’s best interests and welfare are materially promoted should be shown to more than offset the disruptive effects which result from uprooting the child from his or her current environment. McLen-don.
From our very careful review of the record, we find that the trial court erred to reversal in changing custody of the child from the mother to the father. The expert testimony, the medical evidence, and the testimony of the child himself all indicate that the child has been sexually abused. In view of this evidence, we cannot find that the father established that the child’s best interests will be materially promoted by the custody change. The father simply did not meet the heavy standard required under McLendon. Consequently, we reverse. Further, as a result of our determination that custody was improperly changed from the mother to the father, we also remand the case for a determination by the trial court as to whether the mother has met the burden of proving a material change in circumstances that is substantial and continuing so as to apply the child support guidelines. Moore v. Moore, 575 So.2d 95 (Ala.Civ.App.1990).
Finally, the mother asserts that the trial court should have awarded her attorney’s fees. “The award of attorney’s fees in child custody modification proceedings is a matter that rests within the sound discretion of the trial court, and its judgment will not be disturbed on appeal except for an abuse of discretion.” Breazeale v. Hayes, 489 So.2d 1111, 1113 (Ala.Civ.App.1986) (citation omitted). We cannot find that the trial court committed reversible error in failing to award the mother an attorney’s fee.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THIGPEN and RUSSELL, JJ., concur.