L. CHARLES WRIGHT,
Retired Appellate Judge.
The parties were divorced in 1988 in the Circuit Court of Morgan County, and the mother was awarded custody of the parties’ minor son. In December 1990 custody of the minor son was changed from the mother to the father in response to a motion for modification. The mother appealed the change of custody to this court. This court reversed the trial court and directed return of custody to the mother. S.B. v. P.G.B., 600 So.2d 256 (Ala.Civ.App.1991). In January 1992 the supreme court reversed the decision of this court and remanded the cause for a conforming order. Ex parte P.G.B., 600 So.2d 259 (Ala.1992). The father filed a petition with this court for immediate custody pending the certificate of judgment from the supreme court. The petition was denied.
On May 14, 1992 the Madison County Department of Human Resources, at the mother’s request, filed a petition for dependency in the Juvenile Court of Madison County. The juvenile court judge set a hearing on the petition for May 18, 1992.
On May 15, 1992 this court complied with the order of the supreme court and affirmed the trial court’s change of custody to the father. S.B. v. P.G.B., 600 So.2d 262 (Ala.Civ.App.1992).
On May 15,1992 the father filed a “Complaint, Petition for Rule Nisi, and Petition for Instanter Custody Order” in the Circuit Court of Morgan County. On the same day, the circuit court entered an order awarding immediate custody to the father and set a hearing date for June 29,1992 for the mother to show cause why she should not be held in contempt of court.
On May 18, 1992 the father filed a Motion for Instanter Order, requesting that the mother’s visitation rights be suspended pending further orders of the court; that the Madison County Department of Human Resources be restrained from pursuing any actions concerning the child; and that the father and the child be exonerated from having to appear before the Juvenile Court of Madison County. On the same day the circuit court entered an ex parte order granting the father’s requests. Copies of the order were immediately served on all parties and counsel, including the Juvenile Court of Madison County.
On May 26, 1992 the Morgan County Department of Human Resources filed a Motion to Intervene, a Petition for Immediate Custody or, in the alternative, Motion for an Expedited Hearing. The circuit court denied the motion for immediate custody but granted the motion for an expedited hearing. Hearings on the matter were held on May 27, May 28, and June 2. On May 29, 1992 the mother filed a notice of appeal to this court of the orders of May 15 and May 18. The trial court had entered no ruling on the May-June hearing at the time of this appeal.
The mother asserts that the circuit court erred in entering its orders of May 15 and May 18. She concedes that the May 15 *394 order for rule nisi is not an appealable order at this time. She argues that the circuit court did not have jurisdiction to enter its May 18 order because the Juvenile Court of Madison County, due to the filing of the dependency petition, had continuing jurisdiction over the disposition of the minor child. She further argues that the circuit court’s alleged usurpation of jurisdiction was in contravention of Rule 65, Alabama Rules of Civil Procedure.
The mother has failed to provide any authority to this court in support of her arguments. We find her brief, citing only Rule 65, A.R.Civ.P., and § 12-15-30(c)(l)a, Code 1975, to be insufficient for purposes of Rule 28, Alabama Rules of Appellate Procedure. William Wilson Enterprises, Inc. v. Napier, 395 So.2d 89 (Ala. Civ.App.1981). However, due to the lengthy history of this cause and because this court has examined the mother's arguments and found them to be insufficient for reversal, we make the following comments:
Once a circuit court has acquired jurisdiction over a child pursuant to a divorce and decides the question of custody, the circuit court retains jurisdiction over custody until the child reaches majority. P.R.G. v. W.P.R., 590 So.2d 913 (Ala.Civ. App.1991). There are two exceptions to this rule. The juvenile court may exercise concurrent jurisdiction over a disposition of custody where there exists an emergency as to the immediate welfare of the child, P.R.G., or where DHR brings a separate action alleging dependency and requesting that custody be removed from the custodial parent due to neglect and inability to care for the child. Carter v. Jefferson County Department of Pensions & Security, 496 So.2d 66 (Ala.Civ.App.1986).
Although we do not have the petition for dependency in the juvenile court as part of the record, it appears in the mother’s brief. It alleges the same charges as were considered by the circuit court in the custody action there. The mother’s filing of the petition in the Juvenile Court of Madison County was clearly an effort by her to circumvent the judgments of the circuit court, the supreme court, and this court, that custody of the minor child shall be with the father. We find that the exceptions stated above are not applicable to the facts of this case.
The circuit court gained continuing jurisdiction over the custody of the minor child at the time of the divorce in 1988. Once the jurisdiction attached, the circuit court ' had the exclusive right to continue to exercise its power until the child reached majority. Swigert v. Swigert, 553 So.2d 607 (Ala.Civ.App.1989). Such jurisdiction of the circuit court extends to proceedings for the enforcement of its decrees. Rush v. Simpson, 373 So.2d 1105 (Ala.Civ.App. 1979). We find no error with the circuit court’s order restraining further action of the Juvenile Court of Madison County. That court has the inherent right to protect its jurisdiction and to issue orders to prevent interference with its authority. Jordan v. Jordan, 251 Ala. 620, 38 So.2d 865 (1949).
It clearly appears that the mother is attempting to circumvent the judgment of the circuit court and the supreme court and is trying to use DHR and the juvenile court to do so. This is not to be permitted.
Both parties request attorney fees on this appeal. The mother’s request is denied. The father’s request is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.