YATES, Judge.
S.B. (mother) and P.G.B. (father) were divorced in 1988 by the Morgan County Circuit Court (trial court). In its judgment of divorce, the trial court adopted an agreement of the parties which placed custody of the parties’ minor son, R.P.B., with the mother.
In January 1991, the trial court entered an order changing custody from the mother to the father. This court, in S.B. v. P.G.B., 600 So.2d 256 (Ala.Civ.App.1991), reversed the trial court’s order and instructed that custody be returned to the mother. Our holding was reversed, however, by the supreme court in Ex parte P.G.B., 600 So.2d 259 (Ala.1992). On May 15, 1992, this court, on remand, complied with the supreme court’s order and affirmed the trial court’s modification of custody to the father. S.B. v. P.G.B., 600 So.2d *651 262 (Ala.Civ.App.1992). Also on that date, the trial court entered an order changing the physical custody of R.P.B. to the father and setting a hearing to determine why the mother should not be held in contempt for denying the father visitation with R.P.B.
On May 18, 1992, the father filed a motion for an instanter order, requesting that the trial court suspend the mother’s visitation rights. Also, the father requested that the mother, the Madison County Department of Human Resources (Madison County DHR), “and all persons or entities acting in concert” with the mother or the Madison County DHR, be enjoined from engaging in any act which would divest the trial court of jurisdiction over custody, or other matters, concerning R.P.B. In his motion, the father alleged that the mother, upon learning of the trial court’s order of May 15, 1992, did not deliver custody of R.P.B. to the father, but instead persuaded the Madison County DHR to take R.P.B. into its custody and then attempted to invoke the jurisdiction of the Madison County Juvenile Court. On May 18, the trial court entered an order granting the father’s requests.
Subsequently, the Morgan County Department of Human Resources (Morgan County DHR) filed in the trial court a motion to intervene and a motion for custody of R.P.B., or, alternatively, a motion for expedited hearing. The trial court entered an order denying the motion for custody, granting the motion for an expedited hearing, and scheduling a hearing to consider the motion to intervene. Immediately afterwards, the mother filed her notice of appeal as to the trial court’s orders of May 15 and May 18, 1992. This court affirmed in S.B. v. P.G.B., 611 So.2d 392 (Ala.Civ.App.1992).
Later, the Madison County DHR entered a limited appearance in the trial court for the purposes of filing a motion to dissolve the injunction ordered on May 18,1992. Following ore tenus proceedings, the trial court, on July 30, 1992, entered an order which stated, in pertinent part, the following:
“The Department of Human Resources has appeared by counsel and, for purposes of these proceedings, no distinction is made between the ‘State’ Department of
Human Resources and any ‘county’ Department of Human Resources.
[[Image here]]
“This Court is the proper forum to hear and determine matters relating to [R.P.B.] as between the parents and also between the Department of Human Resources and either or both parents.
“The Department of Human Resources has filed for relief in this Court and has also commenced proceedings in the Madison County Juvenile Court.
[[Image here]]
“This Court is cognizant of the State’s interest in the welfare of children and the role and responsibility of the Department of Human Resources. The mere allegation of dependency in pleadings filed with a juvenile court does not in and of itself breathe new and different life to the same lawsuit pending elsewhere. This Court first assumed jurisdiction of the issues relating to the minor child and continues to retain that jurisdiction subject only to review by appeal. Some may argue that there is a concurrent jurisdictional issue over the same subject matter as between this court and the juvenile court. If indeed that issue is presented, then the court first assuming jurisdiction must retain it to the exclusion of the other until final adjudication. Certain basic exceptions to the strict application of this principle have been delineated by the Alabama Supreme Court and Alabama Court of Civil Appeals, however, no exception applies to this case.
“Under the applicable law as applied to the facts of this case, this Court has acquired and retains jurisdiction over the issues relating to [R.P.B.] to the exclusion of the Juvenile Court of Madison County.
“There are no circumstances, emergency or otherwise, which threaten the immediate welfare of this child.
[[Image here]]
“There is no creditable evidence of an emergency situation in this case which requires the Juvenile Court of Madison County or any other court [to] attempt to usurp the jurisdiction of this Court. The efforts by the Department of Human Re *652 sources ... to gain custody of the child is merely shopping in another forum, seeking to overturn the judgment of this Court, after the issues have been tried, appealed and affirmed.-
[[Image here]]
“It is therefore ORDERED ... that [S.B.]; the Alabama Department of Human Resources; all employees, agents and representatives of the Alabama Department of Human Resources; and any and all persons acting in concert with [S.B.] and/or the Alabama Department of Human Resources, are ENJOINED AND RESTRAINED from any and all acts, conduct, and course of conduct which, in the likely course of events, might reasonably be expected to interfere with this Court’s jurisdiction of custody, visitation, and'all matters relating to the welfare of [R.P.B.]
“Further, it is ORDERED ... that [S.B.]; the Alabama Department of Human Resources; all employees, agents and representatives of the Alabama Department of Human Resources; and all persons acting in concert with [S.B.] and/or the Alabama Department of Human Resources, specifically Wanda Savage (employee of the Department of Human Resources), Jennifer Stephens (employee of the Department of Human Resources), Earline Hamilton (employee of the Department of Human Resources/Director of the Madison County office) are ENJOINED forthwith to affirmatively take such action as necessary to seek the immediate dismissal of all proceedings pending in the Madison County Juvenile Court relating to [R.P.B.]”
The trial court then denied the motion to dissolve the injunction of May 18, 1992, and the motion to intervene. Consequently, the Alabama Department of Human Resources, the Madison County DHR, Wanda Savage, Jennifer Stephens, and Earline Hamilton (hereinafter collectively referred to as “the Department”), appealed to this .court from the orders dated May 18, 1992, and July 30, 1992. The Department raises the following issues on appeal:
“I. Are the injunctions reversible because they are unclear, ambiguous, overly broad, and unduly restrictive under A.R.Civ.P. Rule 65(d)(2)?
“II. Is injunctive action against [the Department] and its employees prohibited by the doctrines of immunity, equity, and constitutional principles because [the Department] action was within its discretionary authority and not arbitrary or unreasonable?
“HI. Does the [trial court] order constitute an abuse of discretion because it improperly enjoins actions which are outside its jurisdiction under the doctrine of unity?
“TV. Does the [trial court] order constitute an abuse of discretion because it improperly enjoins actions which are outside its jurisdiction and allowable under the controlling law?”
Initially, we note that the contentions argued by the Department in Issues III and IV concern, in essence, concurrent jurisdiction between a circuit court and a juvenile court. Since the question of continuing jurisdiction of a circuit court, with certain exceptions, has been analyzed succinctly by this court in S.B. v. P.G.B., 611 So.2d 392, we affirm the trial court’s judgment as to Issues III and IV based on our rationale in that case. Accordingly, we now will consider Issues I and II raised by the Department.
In its first issue, the Department argues that the injunctions issued by the trial court on May 18,1992, and July 30, 1992, are not in compliance with Rule 65(d)(2), Alabama Rules of Civil Procedure. The Department contends, therefore, that the judgment of the trial court should be reversed because the injunctions are unclear, overly broad, unduly restrictive, and ambiguous. We disagree.
Rule 65(d)(2),’ A.R.Civ.P., states the following: “Every order granting an injunction shall set forth the rea'sons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained....” Also, the Department cites Ross v. Powell, 359 So.2d 803 (Ala.Civ.App.1978), and quotes a portion of that case regarding the clarity required of injunctions. We also quote the *653 same portion of Ross, supra, that the Department quoted, as follows:
“It is our belief that a restraining order or injunction should be direct and succinct. It must set forth the reasons for its issuance and it should be specific in that respect. However, elaborate detail is not necessary. There is sufficient basis for sustaining the injunction if the party enjoined is apprised of the course of conduct which is prohibited and the order is not so excessively broad that the party against ivhom it is issued is subjected to undue restraint.”
Ross, 359 So.2d at 808. (Emphasis added.)
After carefully reviewing the record and the language of the trial court’s orders, we cannot say that the injunctions issued by the trial court on May 18, 1992, and July 30, 1992, are in violation of Rule 65(d)(2), A.R.Civ.P., or are contrary to the language of Ross, supra.
In its second issue, the Department argues that injunctive action against it and its employees is prohibited by the doctrines of sovereign immunity, separation of powers, and equity. Generally, the Department contends that legal action against the state or its agencies or employees is barred, absent action which is beyond their scope of authority.
The Department claims that injunc-tive action against it violates the principle of sovereign immunity as embodied in Ala. Const, art. I, § 14. We note, however, that, according to the record, this issue was not presented to, nor ruled upon, by the trial court. For an appellate court to review constitutional issues, those issues must have been raised by the appellant and reviewed by the trial court. Alabama Poiver Co. v. Turner, 575 So.2d 551 (Ala.1991).
Concerning the principles of separation of powers and of equity, the Department argues, in essence, that enjoining the action of a state agency is improper when that agency is acting within its statutorily prescribed duties. Specifically, the Department cites In re Morris, 491 So.2d 244 (Ala.Civ.App.1986), for the proposition that Ala. Const, art. Ill, § 43, prohibits the courts of this state from constraining state agencies in the exercise of their legislative mandates. We find Morris, supra, to be distinguishable, however.
In Morris, supra, the juvenile court, pursuant to an agreement of the parties, placed a minor in an adolescent center which was affiliated with the Department of Mental Health. The court further ordered, however, that the center’s officials were not to transfer the minor to another facility and were not to place the minor for a visit without the express written consent of the court. In reversing the order of the juvenile court, this court recognized the separation of powers philosophy embraced in art. Ill, § 43, and stated the following:
“In the present ease the juvenile court instructed the Department that it could not take any action with regard to Morris without its prior written approval. Such a restriction placed on the Department by the court effectively invaded and interfered with the Department’s exercise of its discretion in trying to treat and care for Morris after he had been committed to its custody. In other words, the juvenile court did not allow the Department to do its job according to the mandate of the legislature but, instead, proceeded to tell the Department how to deal with Morris.”
Id. at 246.
The situation in Morris, supra, is drastically different from the one in the present case. Here, the injunctions issued by the trial court merely prevent the Department from wresting jurisdiction away from the court to which it properly belongs. Such action does not prevent the Department from exercising its statutorily prescribed duties. Our holding as to this issue is bolstered by the numerous cases, as noted earlier, which underpin the principle of continuing jurisdiction of a circuit court, to the exclusion of juvenile courts, in such matters. Accordingly, we cannot say that the trial court’s injunctions violate Ala. Const, art. Ill, § 43, or equitable principles.
At this point, we acknowledge and address the Department’s concerns that the injunctions may prevent the Department from performing its statutory duties of caring for and *654 protecting the minor children of this state. It hardly could be argued that anything is more important than guaranteeing the welfare of minors, and we certainly are sympathetic to those in need and to the Department’s responsibilities. Certain jurisdictional principles must be followed, however, in order to ensure the operation of the laws designed to protect those minor children in need. See Jordan v. Jordan, 251 Ala. 620, 38 So.2d 865 (1949) (stating principle of continuing jurisdiction). This court is bound by those principles and this opinion is based thereon. We note, however, that the Department is merely foreclosed from pursuing remedies in alternate courts, absent the exceptions to continuing jurisdiction noted earlier. The court of competent jurisdiction in this case, i.e., the Circuit Court of Morgan County, still is available to the Department should the need arise, and we are confident that any and all justiciable claims will be handled in an appropriate manner. The judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.