L. CHARLES WRIGHT, Retired Appellate Judge.
These parties have been before this court on three previous occasions. For a detailed review of the history of the proceedings see S.B. v. P.G.B., 600 So.2d 256 (Ala.Civ.App.1991), rev’d, 600 So.2d 259 (Ala.1992), on remand 600 So.2d 262 (AIa.Civ.App.1992); S.B. v. P.G.B., 611 So.2d 392 (Ala.Civ.App.1992); State Department of Human Resources v. P.G.B., 629 So.2d 650 (Ala.Civ.App.1993).
An abbreviated version of the facts follows: S.B. (mother) and P.G.B. (father) were divorced in 1988. Custody of the parties’ minor son was placed with the mother. The father was granted visitation rights. In 1990, following modification proceedings, custody of the minor son was changed to the father. The mother was granted specific visitation rights.
In June 1991 this court reversed the trial court’s award of custody to the father. 600 So.2d 256. Pursuant to our order the father returned custody to the mother. He subsequently filed a petition for writ of certiorari with the supreme court. The supreme court reversed the decision of this court and affirmed the trial court’s award of custody to the father. 600 So.2d 259. In May 1992 this court, on remand, complied with the supreme court’s order and affirmed the trial court’s modification of custody.
On May 15,1992, the father filed a petition for rule nisi in the Circuit Court of Morgan County, requesting, among other things, that the mother be found in contempt for her failure to abide by the visitation provisions of the divorce decree. Following a lengthy hearing, the trial court found the mother to be in contempt on 42 separate occasions. She was ordered to serve a five-day sentence for each violation. The trial court also ordered restricted visitation rights for the mother.
The mother appeals and raises three issues for our contemplation. She cites authority to support only one of those issues. Therefore, we will address that issue only. Harris v. Harris, 528 So.2d 866 (Ala.Civ.App.1988).
The mother presents her argument in the following manner: “Is the trial court’s finding of forty-two counts of willful contempt supported by some legal evidence?”
Whether one is in contempt of court is a matter committed to the sound discretion of the trial court. Lundy v. Lundy, 586 So.2d 949 (Ala.Civ.App.1991). Our review is limited to questions of law. We do not review the weight of the evidence on appeal, only whether there is any legal evidence to support the trial court’s judgment. Jordan v. Jordan, 600 So.2d 332 (Ala.Civ.App.1992). Any evidence which supports the trial court’s judgment requires that we affirm. Citicorp Person to Person Financial Center, Inc. v. Sanderson, 421 So.2d 1293 (Ala.Civ.App.1982).
The trial court made the following finding concerning the mother’s contemptuous behavior:
.“From the time the mother took physical custody of the child in June 1991 until the child’s return to the father in May 1992, forty-two (42) possible visitation opportunities for the father occurred. He made known his desire and exercised reasonable effort on those occasions to visit with his son. The mother denied the father’s rights on all these occasions. She did so in direct violation of this Court’s judgment of August 22, 1988. She did not ask this Court, the appellate court, or any court, to suspend the father’s rights. She did not ask this Court, the appellate court, or any court, to redefine, even temporarily, the custody and visitation posture of the parties. The mother simply took it upon herself to arbitrarily deny the father’s rights to the company of their child. For her conduct she is ADJUDGED to be in willful contempt. For each of the forty-two separate violations, the mother is ADJUDGED in willful contempt and for each separate violation she is sentenced to five (5) days (one day equals 24 hours) incarceration in the Morgan County Jail.”
There is no dispute that the mother denied the father unsupervised visitation with the child from June 1991 until May 1992. In her brief the mother offers various excuses as to why she denied the father unsupervised visitation. She insists that she *656 was instructed to do so by the department of human resources and that she was confused as to which court order was controlling. The evidence is disputed as to whether DHR instructed her to disallow visitation. The evidence is undisputed that the mother failed to seek judicial assistance as to which order was controlling. It appears from the record that the decision not to allow visitation rested with the mother and that such decision was in direct contravention of the court’s order. We find that the evidence supports the trial court’s finding of contempt.
The mother asserts that the trial court exceeded its authority in ordering that she be imprisoned for 210 days.
The trial court found the mother guilty of 42 separate, distinct violations and sentenced her to 42 consecutive five-day sentences. In accordance with Norland v. Tanner, 563 So.2d 1055 (Ala.Civ.App.1990), we find no abuse or excess in the ordered imprisonment.
The judgment of the trial court is affirmed.
The mother’s request for attorney fees on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.