L. CHARLES WRIGHT, Retired Appellate Judge.
In June 1993 P.G.B. (father) amended a complaint against S.B. (mother) to add J.S. and W.S. (caseworkers for the Alabama Department of Human Resources in Madison County, Alabama) and L.T.R., Jr., (counsel for DHR in Madison County) as party defendants. The complaint alleged that the mother and the added defendants acted in concert to disobey and defy the orders of the Circuit Court of Morgan County, Alabama, as entered on December 28, 1990, and May 15, 1992. Those orders related to the proper custody of a child of the parties. The history of these orders is to be found in previous cases filed in this court. See S.B. v. P.G.B., 600 So.2d 256 (Ala.Civ.App.1991), rev’d, 600 *37 So.2d 259 (Ala.1992), on remand, 600 So.2d 262 (Ala.Civ.App.1992); S.B. v. P.G.B., 611 So.2d 392 (Ala.Civ.App.1992); State Dep’t of Human Resources v. P.G.B., 629 So.2d 650 (Ala.Civ.App.1993); S.B. v. P.G.B., 629 So.2d 654 (Ala.Civ.App.1993). We will not repeat any of that here.
This case arose from the hearing granted by the Circuit Court of Morgan County on the complaint or petition for a finding of criminal contempt against all the defendants as set out herein. A hearing was held before the court. The parties appeared with counsel.
The DHR defendants were called by counsel for the father as witnesses. Over the objections of counsel, on the ground of violation of the fifth amendment of the United States Constitution, they were required to testify. The court took the case under advisement, and on January 21, 1993, entered extensive findings and judgment on the issue of criminal contempt, and on other matters not related to the DHR defendants.
In its findings the court related that the DHR defendants objected to testifying against themselves on fifth amendment grounds, but that it required them to testify anyway. Subsequent to the hearing, but before entering judgment, the court decided that it had erred in requiring their testimony. Therefore, upon entering its written judgment, the court, though believing the parties guilty as charged, found that it could not find them so upon inadmissible testimony. The court found them not in contempt.
The DHR defendants filed post-judgment motions to amend or to vacate the judgment or to enter a new judgment. Their motions were set for hearing. Each motion contained seventeen grounds attacking the judgment as if the court had found them guilty of a criminal contempt.
The motions were set for a hearing on March 4, 1993. On March 3rd, the DHR defendants filed notices of appeal with this court. On the date set for the hearing, the post-judgment motions were declared moot by the trial court.
MERITS
This is a most unusual appeal. According to its final judgment, the court entered judgment in favor of the defendants. It did not find them guilty of criminal contempt.
The appellants complain not of that finding, but of the opinion of the court stated in its order before it made its final judgment. We do not recommend the statement of the court’s opinion prior to entering its final judgment, but such statement is not fatal to the judgment. This author has often heard a trial judge express its opinion from the bench as to the guilt of a defendant, but then state that there was no admissible evidence to prove it. Therefore, judgment of acquittal was entered. In our opinion, such was the case in this instance.
In any event, this court does not generally entertain appeals of judgments entered in favor of the appellant. Dare Productions, Inc. v. Alabama, 574 So.2d 847 (Ala.Civ.App.1990); Lartigue v. Fleming, 489 So.2d 583 (Ala.Civ.App.1986). Assuming error in the wording of the order of the circuit court, we perceive no prejudice to the appellants. The burden of showing prejudice is upon the appellant. Johnson v. Langley, 495 So.2d 1061 (Ala.1986).
The appeals are dismissed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
APPEALS DISMISSED.
All the Judges concur.