ROBERTSON, Presiding Judge.
On November 22, 1994, Dudley Latham filed a complaint for workers’ compensation benefits in the Jefferson County Circuit Court against Mclnnis Corporation (“Meln-nis”), Southern Industrial Painters (“SIP”), and Nick Halkias. Mclnnis answered that Latham was not entitled to benefits because (1) his injury did not arise out of and in the course of his employment and (2) because his injuries were caused by willful intoxication. After hearing evidence ore tenus, the trial court entered judgment in favor of Mclnnis, holding that Latham’s injuries occurred in the course of his employment, but that his misconduct barred him from receiving benefits. The trial court dismissed defendants SIP and Halkias with prejudice.
Latham appeals, arguing that there was insufficient evidence to support the trial court’s finding that Latham’s misconduct was a proximate cause of his injuries. Mclnnis cross-appeals, arguing (1) that the trial court erred in denying its motion for change of venue, and (2) that the trial court erred in finding that Latham’s injuries arose out of and in the course of his employment.
The record reveals the following pertinent facts. Mclnnis employed Latham as an industrial painter at the time of the accident. While employed by Mclnnis, Latham was hired by Halkias, an employee of SIP, to do work in Montgomery, Alabama, on a bridge spanning the Alabama River. SIP was a subcontractor for Mclnnis. Halkias acted as the supervisor for Mclnnis employees on the Montgomery job.
On November 12, 1993, Latham drove from his home in Birmingham to the job site in Montgomery. When he arrived, the water level of the Alabama River had risen sufficiently to interfere with the planned work. Although Latham was told that a co-employee was telephoning Halkias to determine what the Mclnnis employees were to do, Latham and at least one other employee left the site.
During his return journey to Birmingham, Latham was injured in a one-vehicle automobile accident that rendered him a quadriplegic. Latham had no memory of the accident, but there was some evidence that he lost control of the automobile and struck a guardrail. Hospital laboratory tests of Latham’s urine taken after the accident showed the presence of marijuana and Trazodone, an anti-depressant. A co-worker testified that Latham had smoked a joint of marijuana and taken two pills before leaving Montgomery to return to Birmingham on the morning of the accident.

I. The Appeal: Employee Misconduct

Our review of this case is governed by the new standard, set out by our supreme court as follows:
“We will not reverse the trial court’s finding of fact if that finding is supported by substantial evidence — if that finding is supported by ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ”
Ex parte Trinity Industries, Inc., 680 So.2d 262, 268-69 (Ala.1996) (quoting West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989)). See also § 25-5-81(e)(2), Ala.Code 1975.
The trial court based its legal analysis on Ala.Code 1975, § 25-5-51, which provides, in pertinent part:
*526 “[N]o compensation shall be allowed for an injury or death caused by the willful misconduct of the employee, by the employee’s intention to bring about the injury or death of himself or herself or of another, his or her willful failure or willful refusal to use safety appliances provided by the employer or by an accident due to the injured employee being intoxicated from the use of alcohol or being impaired by illegal drugs.

“A positive drug test conducted and evaluated pursuant to standards adopted for drug testing by the U.S. Department of Transportation in 19 C.F.R. Part ⅛0 shall be a conclusive presumption of impairment resulting from the use of illegal drugs.”

(Emphasis added.)
Latham’s arguments about the sufficiency of the evidence focus on two points: (1) Latham contends that the trial court erred in qualifying Dr. Stanley Fleming, a clinical psychologist specializing in drug abuse treatment, as an expert, and (2) Latham argues that there was insufficient evidence to show that his drug use proximately caused the accident.

A. Qualification of Dr. Fleming

The qualification of an expert witness is within the discretion of the trial court and will not be disturbed in the absence of an abuse. Brown v. Laurrence, 632 So.2d 462 (Ala.1994).
Latham’s essential argument, that Dr. Fleming is not qualified because he is not a medical doctor, is without merit. In Bell v. Hart, 516 So.2d 562 (Ala.1987), our Supreme Court rejected a similar argument that a toxicologist was not qualified to testify about the effects of poisons because he was not a medical doctor:
‘“It is not the law that only a medical doctor may testify as to physical symptoms on the human being. If the witness is shown to have special qualification in that particular field and knowledge of the subject beyond that of the average laymen so as to give reliable testimony, he is not disqualified. Blakeney v. Alabama Power Co., 222 Ala. 394, 133 So. 16 [(1931)]; Hicks v. State, 247 Ala. 439, 25 So.2d 139 [ (1946) ].’ (Emphasis added.)”
516 So.2d at 567 (quoting Police & Firemen’s Ins. Ass’n v. Mullins, 260 Ala. 173, 179, 69 So.2d 261, 266 (1953)). Dr. Fleming has a doctorate in clinical psychology, and he maintains a professional practice in which he has treated hundreds of patients. Dr. Fleming specializes in the treatment of drug abuse, including marijuana abuse, and he is familiar with the use and effects of Trazodone. Dr. Fleming also has clinical experience with the effects of combining certain drugs, including marijuana and Trazodone. Considering Dr. Fleming’s extensive educational background and his experience on the effects of marijuana and Trazodone on people, the trial court did not abuse its discretion in qualifying him as an expert.

B. Proximate Cause

Latham’s arguments as to the quantity of the drugs found in his system are based on Ross v. Ellard Construction Co., 686 So.2d 1190 (Ala.Civ.App.1996) (the Supreme Court quashed the writ of certiorari on December 13, 1996). That case held that § 25-5-51 still requires proof that the employee’s impairment proximately caused the employee’s injuries. Latham contends that the lack of evidence .about the amount of drugs in his system means that the trial court could not conclude that their effect was a proximate cause of the accident that led to his injuries. Mclnnis produced no evidence about the quantity of the drugs in Latham’s system, but it did present medical evidence as to their individual and combined sedative effects. The trial court specifically found that “[t]he evidence was uncontradicted that the Plaintiffs lab work from Birmingham Carra-way Hospital indicated the presence of both marijuana and Trazodone, an anti-depressant, in [Latham’s] system on the day of the accident.”
Applying the standard of review set out in Trinity, supra, we must determine whether the trial court had substantial evidence to support its finding that Latham’s use of drugs proximately caused the accident.
Both Latham and his wife testified that he was alert when he left home to go to work on *527 the morning of the accident, thus raising the inference that he was not under the influence of any drug or other impairment before he arrived at the job site.
Dr. Fleming testified that within two to three hours after ingesting marijuana, the drug has a sedative effect that impairs motor skills and often causes sleep. Dr. Fleming testified that Trazodone is an antidepressant drug that enhances sleep and is used for the treatment of insomnia. He stated that, depending on diet and individual metabolism, the drug reaches its peak effect within two to three hours of ingestion, and he noted that prescriptions for Trazodone were usually accompanied by warnings not to drive or operate machinery while using the drug. Dr. Fleming also noted that because both marijuana and Trazodone had similar effects, their combined effect was to further enhance loss of motor skills and sleep.
The record contains no evidence that La-tham’s accident was attributable to some agency other than sleep or loss of motor skills in controlling his automobile. Based on this evidence and a careful review of the record, we conclude that the trial court’s finding that the effect of the drugs Latham ingested was a proximate cause of the accident is supported by substantial evidence. Trinity, supra. We, like the trial court, are “deeply sympathetic to the condition of [La-tham] and his family_ However, the natural compassion evoked by this situation is not a justification for the Court to ignore the law of the State.”

II. The Cross Appeal: Venue and Scope of Employment

In its cross-appeal, Mclnnis argues (1) that the trial court erred in denying its motion to change venue, and (2) that the trial court erred in finding that Latham’s accident arose out of and in the course of his employment.
Mclnnis’s cross-appeal is from a favorable final judgment. Mclnnis is challenging particular findings within the trial court’s judgment even though that judgment denies benefits to Latham.
“[T]his court does not generally entertain appeals of judgments entered in favor of the appellant. Dare Productions, Inc. v. Alabama, 574 So.2d 847 (Ala.Civ.App.1990); Lartigue v. Fleming, 489 So.2d 583 (Ala.Civ.App.1986). Assuming error in the wording of the order of the circuit court, we perceive no prejudice to the appellants. The burden of showing prejudice is upon the appellant. Johnson v. Langley, 495 So.2d 1061 (Ala.1986).”
J.S. v. P.G.B., 646 So.2d 36, 37 (Ala.Civ.App.1993). Mclnnis made no showing that it will suffer some prejudice by the final judgment. Accordingly, the cross-appeal is due to be dismissed.
APPEAL — AFFIRMED.
CROSS APPEAL — DISMISSED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.